## The Citizens' Bank *et al. vs.* Cook *et al.*

[JACKSON, Justice, did not preside in this case, on account of relationship to some of the plaintiffs in error.]

1. Where land was sold, a mortgage executed to secure the purchase money, the vendee again sold, and his vendee issued bonds secured by a second mortgage which expressly stated that it was made subject to the first for the unpaid purchase money, an injunction will not issue at the instance of the bond-holders to restrain the collection on the foreclosure of the first mortgage, of an amount equal to the usury paid by the two vendees.

2. What the second purchaser paid for the property not being made to appear, the presumption is that the entire debt to the first vendor, including usury, was deducted from the price agreed upon at the second sale, and if such be the fact, the second vendee could not avail itself of the usury on principles of equity. The bond-holders having taken their lien with notice, could stand in no better position.

Usury. Injunction and receiver. Mortgages. Debtor and creditor. Contracts. Before Judge McCUTCHEN. Bartow County. At Chambers. November 9, 1878.

The Citizens' Bank *et al.*, filed their bill against Cook *et al.*, alleging, in brief, the following facts: In 1871 Cook sold certain land in Bartow county to McNeal; for the purchase money McNeal gave twelve promissory notes, each for the principal sum of $2,500.00; they became due annually, but the interest on them was due semi-annually; the first four bore interest at the rate of ten *per cent.*, the others at the rate of seven *per cent.*; a mortgage on the property was given to secure the whole debt. Afterwards, the Bartow Iron Company bought the property from McNeal (the date of the purchase is stated in blank, both in the bill and answer); it was understood between the parties that the company should carry out McNeal's contract of purchase with Cook, and it did make repeated payments of principal and interest as they fell due; in June, 1877, the company paid all of the principal and interest, not hitherto paid, falling due up to December, 1877—the payment being made

by giving to Cook the notes of the company.    The notes of McNeal were made payable in New York; the legal rate of interest in that state was seven *per cent.*; hence the contract (including the mortgage) being entire and tainted with usury, could not be enforced.    Cook had been paid on the notes usurious interest amounting to $975.00, by whom is not directly alleged, but from the context it is to be inferred, by the company.    In April, 1874, the Bartow Iron Company issued bonds secured by mortgage, in the form of deed of trust; complainants are the holders of the bonds and the trustees under the deed of trust; in this it was stipulated that it was made "subject to a lien held by E. P. Cook, Havannah, N. Y., for balance of unpaid purchase money on the property, amounting to $25,000.00, which amount is payable in instalments of $2,500.00 per year * * * bearing interest at the rate of seven *per cent. per annum,*" etc.    The company has failed to meet its obligations, is utterly insolvent, has left the property, which is going to waste, and there is not enough to pay Cook and complainants both in full.    Cook has foreclosed his mortgage illegally (the points of illegality alleged are not material here), and is proceeding to have the property brought to sale.    Complainants pray that the enforcement of Cook's mortgage be enjoined, that it be canceled, that their mortgage be foreclosed, that the relative rights of complainants and Cook be determined, that a receiver be appointed, and general relief granted.

The main feature of Cook's answer was a denial of any agreement between himself, McNeal, and the company, that the latter should carry out McNeal's contract, and a denial of the payment by the company in June, 1877, alleged to have been made by means of its notes.    The answer states that after McNeal's sale to the company, it did frequently make payments for him, but that it was considered as *his* payment, made merely through the company; also that the notes given by the company in June, 1877, were not in payment of McNeal's notes, but that, for the purpose of

extending the time of payment of the amount then due, he took the company's notes (retaining also McNeal's), and agreed, as they were paid, to credit McNeal with the amount, but they were never paid. The answer denies illegality in the proceeding to enforce the mortgage lien.

The chancellor refused the receiver and the injunction prayed for, and ordered that the *fi. fa.* might proceed for the amount apparently due on its face, less $975.00, the collection of which was enjoined. Both parties excepted; complainants to the first, defendants to the last part of this order.

JULIUS L. BROWN, for plaintiffs in error, cited as follows: Novation of contract, Code, §2724; 40 *Ga.*, 196; 41 *Ib.*, 580; 42 *Ib.*, 171; 45 *Ib.*, 500. Irregular foreclosure, Code, §§3962, 3964, 3968, 3970, 1965, 3480, 3965, 3596; 18 *Ga.*, 277; 20 *Ib.*, 342. Contract governed by New York law, 4 *Ga.*, 11; 30 N. Y., 259; 12 *Ga.*, 583; 21 *Ib.*, 138; 31 *Ib.*, 213; 4 Hun, N. Y., 421; 15 N. Y., 474; 9 *Ga.*, 87; 32 *Ib.*, 228. Contract void, 44 Barb., 321; 31 *Ib.*, 370, 371; 1 Rev. Stats. N. Y., 771, §1; Laws of N. Y., 1837, chap. 430, p. 486; 31 N. Y., 473; 51 *Ib.*, 48; 43 *Ib.*, 198; acts (*Ga.*) 1871-2, p. 75. Injunction remedy, Laws of N. Y., 1837, p. 487, §§4, 5; 3 Paige, 528. Complainants' right to defence, 47 Barb., 618; 10 Paige, 583; 8 *Ib.*, 640; 36 *Ga.*, 541; 2 Hill, N. Y., 522-6; 27 N. Y., 568-85; 4 Peters, 229-30. Credit of usury, Code, §3586; 36 *Ga.*, 541; 69 N. Y., 248; 54 *Ga.*, 190. Receiver needed, Code, §3149; 56 *Ga.*, 139.

A. JOHNSON; WOFFORD & NEEL, for defendants, cited as follows: Notes and mortgage valid, Code, §8; 6 Paige, 627 (pp. 630, 634); 38 Barb., 352; 45 *Ib.*, 340; 20 Martin (La.), 1; 2 Parsons on Contracts, 95, 96, and note *e*; Wharton Conf. Laws, 507, 508; 12 Wisc., 692; 13 *Ib.*, 198; 27 N. Y., 137; 9 Allen (Mass.), 78; 11 Gray, 38; Pars. on Conts. (5th ed.), 2 vol., 583-4; 1 Am. L. Cases (4th ed.), 529—citing 17 Johnson, 511; 20 *Ib.*, 102; 2 Paige, 604; 4

Peters, 112, 123 ; 2 Watts & Sargeant, 328, 368; 2 Barr., 85; 14 Vermont, 83 ; 3 Green, 328 ; 1 B. Munroe, 29, 34 ; 4 Yerger, 452 ; 12 Ala., 54, 56. Complainants cannot attack judgment, 49 *Ga.*, 45; 45 *Ib.*, 493-6. Novation and payment, Code, § 2867; 43 N. Y., 159 ; 4 Hun, 810 ; 53 Barb., 191 ; Code, §§2153, 2754. As to foreclosure, 18 *Ga.*, 277 ; 20 *Ib.*, 342.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants with a prayer for an injunction and the appointment of a receiver, on the allegations contained therein. When the application for an injunction came on to be heard, the chancellor, after considering the allegations contained in complainants' bill, the defendants' answer thereto, and the affidavits offered and read by the respective parties, refused to appoint a receiver and grant an injunction as prayed for, except as to the sum of $975.00 due on the mortgage *fi. fa.*, but to restrain the collection of that amount of the mortgage *fi. fa.* the injunction was granted. Whereupon complainants and defendants excepted.

There was no abuse of the discretion of the chancellor in refusing the injunction and appointment of a receiver as complained of by the complainants in their bill of exceptions, but on what principle of equity the chancellor enjoined the collection of the $975.00 due on the mortgage *fi. fa.*, we are at a loss to ascertain, in view of the facts contained in the record. It appears from the record that McNeal, in June 1871, purchased of Cook, a citizen of New York, certain described lands, situate in this state, for the sum of $30,000, for which he gave to Cook his twelve promissory notes, for the sum of $2,500 each, payable at Havannah, New York, secured by a mortgage on the lands purchased. The notes were made payable in such manner that one fell due each year. The first four notes bore interest at the rate of ten *per cent. per annum*, which have been paid. The other eight notes bore interest at the rate

of seven *per cent. per annum;* and as to the notes drawing seven *per cent.* interest remaining unpaid, Cook foreclosed his mortgage on the land, and is seeking to collect the amount due thereon by due process of law. It also appears that McNeal sold the lands purchased from Cook to the Bartow Iron Company, and that afterwards the Bartow Iron Company mortgaged said lands to the complainants to secure the payment of certain bonds, but it was expressly stipulated in the latter mortgage that the lands so mortgaged were subject to Cook's mortgage lien thereon for the balance of the unpaid notes given for the purchase money, with interest at seven *per cent. per annum.* There is no usury in the notes for which Cook's mortgage was foreclosed to enforce payment, and if McNeal has paid any usury to Cook on the first four notes, it is no concern of the complainants ; they are not creditors of McNeal.

Assuming, as the complainants do, that the Bartow Iron Company has paid $975.00 usurious interest to Cook, and that the company is insolvent, how have they been injured if it has not paid any more than it had stipulated to pay when they took the mortgage; in other words, if their security in and to the mortgaged property has not been diminished by the payment of usury by the Bartow Iron Company, but remains just the same as it did when they took their mortgage, what equitable right have they to interfere and have Cook restrained from enforcing his mortgage lien on the property, when they have got all they contracted for in their mortgage. They took their mortgage lien on the property, subject to Cook's prior lien thereon for the purchase money. What the Bartow Company paid McNeal for the property is not alleged in the bill, or otherwise made to appear. The presumption is that the whole debt from McNeal to Cook, including the usury, was deducted from the price at which McNeal sold the property to the Bartow Company, and if such was the fact, the Bartow Company could not avail itself of the usury on principles of equity. *Lilienthal vs. Champion,* 58 *Ga.,* 158, and authorities therein

cited.   The complainants, as mortgagees under the Bartow Company, could have no better equity than that company had, inasmuch as they took their lien with actual notice of the mortgage to Cook from McNeal, in subordination to which the conveyance from McNeal to the Bartow Company was made.

In our judgment the chancellor erred in granting the injunction to restrain the collection of the sum of $975.00 as set forth in the record, therefore, let so much of the judgment of the court below refusing the injunction and appointment of a receiver complained of by the complainants be affirmed, and so much of the judgment of the court complained of by the defendants be reversed.