ELISHA ESSLEY *et al.*

*v.*

JOHN C. SLOAN *et al.*

*Filed at Ottawa March 27, 1886.*

1. USURY—*who may take advantage of it—in case of a conveyance by a mortgagor—rights of the grantor and of the grantee, in respect to the usury in the debt secured by the mortgage.* Where a party conveys land subject to a trust deed thereon, given by him to secure a note tainted with usury, this will be treated as an election on his part to affirm the validity of his contract; and the grantee of his equity of redemption, taking with full knowledge of the incumbrance, and reserving out of the purchase price the amount due on the mortgage, can not be heard to complain of the usury in

the original debt secured by the trust deed, nor can he set up in defence any usurious payments which may have been made by the grantor.

2. In such case, the conveyance being made expressly subject to the incumbrance, the grantor will, by such conveyance, divest himself of the right to redeem from the incumbrance, and will have no interest in the land or the lien; and so far as payment of his debt is sought out of the land, he can not set up the usury or payments of usury made by him, and thereby aid his grantee in avoiding payment of the incumbrance.

3. INTEREST—*contract rate on bill to redeem from mortgage.* Where a party seeks in equity to redeem land from a mortgage not tainted with usury, or where he is not entitled to avail of usury, it is proper, in decreeing the relief sought, to require him to pay the principal debt, together with the rate of interest stipulated by the parties in the contract, not exceeding that allowed to be contracted for by law. Cases affected by usury, in which this court holds that the party seeking relief shall pay only six per cent, have no application.

4. PURCHASER—*subject to incumbrance—presumption as to incumbrance being part of the consideration.* Where a party takes a deed for land which expressly states it is made subject to an incumbrance therein described, the law will presume that the incumbrance as it appears on its face formed a part of the consideration for the deed.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

On the 15th day of January, 1872, Elisha Essley borrowed of John McKinney $2000, giving his note, payable in one year, with interest at ten per cent per annum, and, joined by his wife, executed a trust deed to Isaac N. Bassett, to secure the same. It was agreed that two per cent additional interest was to be paid by Essley, and for the first year two per cent was deducted from the money received by him, and two per cent per annum was paid by him in excess of the ten per cent until January, 1878. February 8, 1878, Essley sold and conveyed the land to William Drury, subject to this trust deed. Essley was indebted to Drury and to F. P. Burgett. The consideration moving to Essley for the conveyance to Drury, was the satisfaction of the indebtedness. At the time of the conveyance the claims of Burgett and Drury, including

this incumbrance to Bassett, was counted up between Essley and Drury, and it was found that they amounted to $7.68 per acre for the land.   On the 25th of February, 1878, Drury sold and conveyed the land to Joseph W. Bigelow.   The consideration expressed in the deed is $7300, and the deed is made subject to incumbrances, naming them, and among them the trust deed to Bassett, the amount of which is stated to be $2000, and interest paid to January 1, 1879.   Bigelow paid interest at twelve per cent to January 1, *1880,* when, by agreement with McKinney, the rate was reduced to eight per cent per annum.   Bigelow paid interest to January 1, 1884. On the 24th of March, 1884, Bigelow, for the expressed consideration of $1000, by deed of quitclaim sold and conveyed these lands to appellant Cyrus A. Ballard, subject to incumbrances.   January 4, 1884, McKinney assigned the note secured by said Bassett trust deed, to appellee John C. Sloan, and on the 1st day of May, 1884, Isaac N. Bassett, trustee, at the request of Sloan, advertised the land for sale under the trust deed, claiming there was $2000, and interest from January 1, 1884, due thereunder.   Thereupon this bill was filed, in the names of Ballard and Essley, to enjoin the sale, alleging the usury in the original contract between Essley and McKinney, and the payment of usurious interest by Essley and Bigelow, and asking a statement of account, and that all usurious interest be applied as payments on the principal; that the note be cancelled and surrendered; that injunction issue and be made perpetual, and offering to bring in all sums found due, etc.   A temporary injunction was issued.   Defendant Sloan answered, denying that usury was reserved in the note, and the taking of usurious interest by McKinney, or payment of the same, as charged in the bill; alleges that Drury, Bigelow and Ballard severally bought, subject to the deed of trust to Bassett, with full knowledge of it, and that it formed part of the consideration of said purchases, severally, and that the amount thereof was deducted

from the purchase price; denies that Essley has any interest in the subject matter of the bill, and denying all matters not admitted. Replication was filed, and at the hearing the court refused to allow the usurious interest paid by Essley or Bigelow, and ordered an account taken, with instructions to the master to compute interest on the principal sum from January 1, 1884, at the rate of eight per cent per annum. It was admitted that $500 had been paid May 16, 1884, which was a proper credit. The master reported a balance due on note mentioned, of $1671.16. Exceptions to master's report were overruled, and a decree was entered that complainants be per-. mitted to redeem in ten days, upon payment of the sum so found by the master, and in default thereof, that injunction be dissolved as to all said lands except fifty acres, and that the trustee sell, etc. It was further ordered "that no claim shall be held or set up as against said Essley, on said note or deed of trust, but that he be and is absolved from all liability thereon, personally, and that if the amount named in the decree was paid, the note should be surrendered to Essley, or if not paid, that as soon as the sale under trust deed was consummated, the note was to be cancelled and surrendered to him. There is a conflict in the evidence as to whether Drury, at the time of his purchase, agreed, in express terms, to pay the incumbrances then on the land, but there is no controversy that Drury, Bigelow and Ballard each took the land subject to the incumbrances, and that it was so understood and agreed at the time they severally purchased.

Messrs. BASSETT & WHARTON, for the appellants:

The property went to Drury virtually as an assignment, and to Ballard in that way, and the latter had the right to plead usury, which was denied him. *Pearsall* v. *Kingsland,* 3 Edw. Ch. 195; *Jenkins* v. *International Bank,* 97 Ill. 574.

This court, decided that Essley was a proper party complainant, and had an interest to have his notes taken up. As

such we claim he had the right to have the usury considered and allowed. *Davis* v. *Hopkins,* 15 Ill. 519 ; *Johnson* v. *Thompson,* 28 id. 352 ; *Valentine* v. *Fish,* 45 id. 462 ; *Maher* v. *Lanfrom,* 86 id. 520.

Essley, who was the maker of the note, had the right to aid in equity, to have an account, pay what was due and have his note surrendered, and be relieved from the usury, on equitable principles. 1 Story's Eq. sec. 301 ; *Rogers* v. *Rathbun,* 1 Johns. Ch. 367 ; *Fanning* v. *Dunham,* 5 id. 142 ; *Ferguson,* v. *Sutphen,* 3 Gilm. 570 ; *Sanner* v. *Smith,* 89 Ill. 123 ; *French* v. *Gibbs,* 105 id. 523.

Ballard, the remote grantee of Essley, had the right alone to exhibit the bill and ask for an account of what was due on the mortgage debt, and pay the amount to save the land from sale. Jones on Mortgages, secs. 1038, 1055, 1061, 1093, 1094, 1095 ; 2 Story's Eq. secs. 1013, 1023 ; *Brown* v. *Gaffney,* 32 Ill. 251 ; 28 id. 149 ; *Barnard* v. *Cushman,* 35 id. 454 ; *Roberts* v. *Fleming,* 53 id. 198 ; *Fosdick* v. *Van Huson,* 21 Mich. 568 ; *Barton* v. *May,* 3 Sandf. Ch. 450 ; *Henry* v. *Davis,* 7 Johns. Ch. 40 ; *Saunders* v. *Frost,* 5 Pick. 259 ; *Gibson* v. *Crehone,* 5 Pick. 146.

A surety may plead the usurious contract of his principal. *Safford* v. *Vail,* 22 Ill. 327 ; *Sanner* v. *Smith,* 89 id. 123 ; *Morse* v. *Hovey,* 9 Paige, 197. And an assignee may do so. *Jenkins* v. *Greenbaum,* 95 Ill. 11. And an executor or administrator. *Maher* v. *Lanfrom,* 86 Ill. 520. The mortgagor may convey and authorize his grantee to take advantage of the usury. *Valentine* v. *Fish,* 45 Ill. 462 ; *Pike* v. *Crist,* 62 id. 461 ; 1 Jones on Mortgages, sec. 644. A purchaser of the land may interpose the defence. *Shufelt* v. *Shufelt,* 9 Paige, 139 ; *Bennett* v. *Keehn,* 57 Wis. 582 ; *Gunnison* v. *Gregg,* 20 N. H. 100 ; *Berdan* v. *Sedgwick,* 44 N. Y. 626 ; *Bullard* v. *Raynor,* 30 id. 197 ; *Banks* v. *McClelland,* 24 Md. 62 ; *McAllister* v. *Jerman,* 32 Miss. 142 ; *Doub* v. *Barnes,* 1 Md. Ch. 127. A judgment or execution creditor may interpose the defence. *Thompson* v.

*Vetchen,* 27 N. Y. 568; *Dix* v. *Van Wyck,* 2 Hill, 522; *Carow* v. *Kelly,* 59 Barb. 239.

It was error to require the payment of eight per cent on the decree. *Hunter* v. *Hatch,* 45 Ill. 178; *White* v. *Haffaker,* 27 id. 349; *Pearson* v. *Hamilton,* 1 Scam. 415.

Mr. John C. Pepper, for the appellees:

Essley having conveyed his equity of redemption, has no interest in the land, the sale, or the subject matter of the suit. He has no standing in court. *Smith* v. *Brittenham,* 108 Ill. 545.

Essley, so far as he is concerned, has paid the note and interest, and has no right to recover it back. He placed means in Drury's hands to pay the whole debt, and can not dispute the creditor's right to reach it. Tyler on Usury, chap. 31; *Adams* v. *Robertson,* 37 Ill. 45; *Daub* v. *Englebach,* 109 id. 267; *Thompson* v. *Dearborn,* 107 id. 87; *Rogers* v. *Herron,* 92 id. 583; *Flagg* v. *Geltmacher,* 98 id. 293; *Johnson* v. *Zink,* 51 N. Y. 355.

When a mortgagor sells land subject to the mortgage, the land becomes the primary fund out of which the mortgage debt is to be made. When the amount of the debt is deducted from the purchase money, the grantee must pay it, and can not plead usury. *Sully* v. *Palmer,* 51 Ill. 331; *Fowler* v. *Jay,* 62 id. 365.

The law of usury was for Essley,—not to enable some one else to pocket money. Essley had paid for the holder of his note. *Boyleston* v. *Bain,* 99 Ill. 283; *Valentine* v. *Fish,* 45 id. 462.

If the purchaser buys subject to a mortgage, he must pay it off or lose the land, and is not at liberty to set up usury or any other defence to the debt, unless it was agreed between the grantor and grantee, and the grantee reserved the right to make such defence. *Henderson* v. *Bellew,* 45 Ill. 322.

Ballard having taken the land subject to the stipulation in the deed to Drury, the deed to Bigelow and the deed to

himself, holds it as trustee, to sell and pay the lien which he purchased the same subject to. *Sands* v. *Church,* 6 N. Y. 347.

A person who takes a subsequent mortgage, or purchases subject to a prior mortgage, can not set up usury in the same. *Green* v. *Kemp,* 7 Am. Dec. 169 ; *Engel* v. *Harris,* 43 id. 624.

Drury was estopped from setting up usury by the clause in his deed, and so are all taking under him. Bigelow was estopped from setting up usury by the clause in his deed, and so are all taking and holding under him. *Savings Institution* v. *Wilmot,* 46 Am. Dec. 137.

The decree does not provide for the payment of eight per cent interest, but gives complainants a right to redeem by paying a certain sum in accordance with the contract. If the bill had been dismissed for non-payment, they would have been required to pay the interest stipulated in the note.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The conveyance made to Drury by appellant Essley, was subject to the incumbrance of the Bassett trust deed, securing the note payable to McKinney, and the deed expressly makes the title conveyed subject thereto. The same is true of the conveyances by Drury to Bigelow, and by Bigelow to appellant Ballard. In the deed from Drury to Bigelow the incumbrance for McKinney's benefit is stated to be "$2000, with interest paid thereon to January 1, 1879," and Bigelow took the land subject to the incumbrance and charged with that amount of money. Ballard, under his quitclaim from Bigelow, took the title of his grantor only.

It is apparent that usurious interest had been paid on the McKinney note by Essley and Bigelow, but neither of the grantees in the deeds mentioned acquired the right, if any existed, to set up as a defence to said note in the hands of McKinney, or his assignee, Sloan, any usurious interest paid by his grantor. Nor is there anything in the record tending

to show that the usurious character of the McKinney note
was mentioned or was in any way taken into consideration
in either of said purchases. The amount agreed to be paid
to Essley consisted of certain indebtedness from Essley to
Drury and to F. P. Burgett, which they were to satisfy.

Without stopping to discuss whether, as testified to by
Essley, Drury in express terms agreed, as part of the consid-
eration of his purchase, to pay and satisfy the incumbrances
on these lands, it does appear from Essley's testimony, and
without contradiction, that there was a counting up of the
claims Drury and Burgett had, and they amounted to $7.68
per acre, and that the trust deed to secure the McKinney note
was counted in to make up the $7.68 per acre that he swears
was to be paid for the land. We have already seen that in
the deed from Drury to Bigelow the amount of the incum-
brance is stated at its face value, "$2000, and interest from
January 1, 1879.".

It is evident, we think, that Essley did not understand, nor
did Drury, that any right was transferred by him to Drury to
defeat any portion of the McKinney claim, and the same is
true of Drury and Bigelow, at the time of the conveyance to
the latter. The conclusion that it was understood by all
parties to these transactions, at the time the deeds were sev-
erally made, that the incumbrances formed part of the con-
sideration for the purchase, seems irresistible. Whether it
was so agreed in express terms is not material. The legal
effect is the same. In both of the conveyances last men-
tioned, the incumbrances then on the land were excepted out
of the warranty, and all three of the conveyances were made
with a view to these incumbrances and subject to them, with
full knowledge of their amount and the priority of the lien
created thereby, and no authority was given to or permission
obtained by the vendees to set up usury as against the
McKinney note, and the presumption is that the incumbrance,
"as it appears on its face, formed part of the consideration"

to be paid in each case for the lands. Essley had the right, if he chose, to affirm the validity of his usurious contract with McKinney, and having conveyed only the equity of redemption, will be held to have done so. Drury and his grantees purchased subject to the incumbrance, with full knowledge thereof, and it in no way concerns them whether, as between Essley and McKinney, the contract was tainted with usury or not. If Essley protected the incumbrance, and provided for its payment by taking that much less from Drury for his land, thereby in effect leaving enough of the consideration of his sale in Drury's hands to pay off the lien, and Drury so purchased, and paid only the excess he agreed to pay over and above what the incumbrance was under-stood to be, he is in nowise injured, and neither he nor those claiming through or under him can be heard to complain. *Henderson* v. *Bellew,* 45 Ill. 322; *Valentine* v. *Fish,* id. 462; *Maher* v. *Lanfrom,* 86 id. 513; *Darst* v. *Bates,* 95 id. 493; *Sands* v. *Church,* 6 N. Y. 347.

Appellant Ballard is, then, in no position to insist upon the usurious character of the transaction between Essley and McKinney, nor can he have applied the usurious interest paid by Essley or Bigelow, in reduction of the debt, for the payment of which funds were, in effect, left in his hands. He and his grantor purchased with full knowledge of this incumbrance, and paid, presumably, only the excess of the value of the lands over and above the amount of the liens thereon, and took his interest in the lands,—the equity of redemption,—subject to their payment. It would be inequitable, after his having received the benefit of the incumbrances by deducting the amount thereof from the consideration paid for the land, to permit him to keep it himself, and not apply it to the purpose for which it was set apart and reserved in his hands. Essley having conveyed his equity of redemption, has divested himself of the right to redeem, and has no interest in the lands or the lien of this trust deed thereon. Nor can he be

permitted to aid appellant Ballard to accomplish that which Ballard has no equitable right to do. His only possible interest is in his release from further liability on the note, and in this he is fully protected by the decree of the circuit court. In any event, whether the money is paid under the decree, or the sale of the lands under the trust deed is consummated, the note is ordered to be cancelled, and he is, by the decree, absolutely absolved from all liability thereon.

It is urged that the circuit court erred in computing interest at eight per cent per annum on the note, to the date of the decree. It is not claimed that there was any mistake in the length of time for which interest was computed, but it is said that the rate was erroneous. This is not a money decree, within the statute.

The cases cited by counsel for appellants, where redemptions were allowed from incumbrances to secure debts tainted with usury, and holding that the party seeking to redeem would be required, in equity, to pay the amount remaining unpaid of the principal, and six per cent interest, have no application here. Here the appellants, as against the trustee in this deed of trust, or as against appellee's right to have his debt satisfied by sale of this land, were entitled to no relief, and the court could, with propriety, have dissolved the injunction and dismissed the bill, as to appellant Ballard, at least, and permitted the sale to proceed under the power contained in the trust deed. The court allowed appellants to redeem by paying the balance of the principal, with the interest contracted to be paid, which, being the legal rate, was not inequitable, and appellants have no cause to complain.

There being no error in the decree of the circuit court, the judgment of the Appellate Court affirming the same will be affirmed.

*Judgment affirmed.*