THE LOG CABIN PERMANENT BUILDING ASSOCIATION OF BALTIMORE CITY *vs.* CHRISTIAN GROSS.

*Mortgage—Purchaser—Usury.*

The purchaser of property subject to a mortgage, who agrees to pay the mortgage debt, according to the face of the mortgage, in part payment of the purchase money, will not be allowed to object that the mortgage was usurious.

APPEAL from the Circuit Court of Baltimore City.

The Court below (DENNIS, J.) being of opinion that the plaintiff, Christian Gross, had overpaid the mortgage indebtedness due to the defendant Building Association, upon the two mortgages mentioned in the proceedings, by the amount of $56.89, and that said sum should be returned, passed a decree requiring the defendant to pay said sum to the plaintiff, and to release said mortgages. From this decree, as also from a previous order rejecting the auditor's report, and ratifying the account stated at the instance of the plaintiff, the defendant appealed. The case is further stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*W. B. Trundle,* for the appellant.

*Frederick C. Cook,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee, Gross, bought of Jacob Saum, two lots of ground in Baltimore City, one on Fulton street, and

the other on Eagle street. Each of these pieces of property was, at the time of the purchase, encumbered by a mortgage to the appellant Building Association. The mortgage on the Fulton street property had been created by Sarah P. Carle, and her husband, from whom Saum, the grantor of the appellee, acquired title; and the Eagle street property had been mortgaged by Saum himself.

Now, in the view we take of this case, it is quite unnecessary to consider whether these mortgage transactions were in any sense usurious, because Gross, the purchaser, it is plain, has no right to make such an objection. He has no right, because he agreed to pay to the Building Association, the mortgage debt according to the face of the mortgages, in part payment of the purchase money due on the two houses. The proof shows, beyond question, that the precise amount due by Saum to the Building Association on the mortgages was ascertained at the time of the purchase by Gross, and that he agreed to pay the amount thus ascertained to the association in part payment of the purchase money.

If, then, he is allowed to claim a reduction of the mortgage debt by reason of the alleged usury, he would be getting the property for a sum less than he agreed to pay.

The case falls directly within *Hough vs. Horsey*, 36 *Md.*, 181, and *Fulford vs. Keerl*, *ante*, 397. These cases proceed on the ground that where one purchases property subject to an encumbrance, which was usurious, and the nominal amount of such encumbrance enters into and forms part of the price or consideration to be paid for the property, he will not be allowed to set up usury in reduction of the amount appearing to be due on the face of the mortgage.

It follows from what we have said, that the auditor's report filed the 10th of December, 1888, ought to have

been ratified, and that the appellant's exceptions to the auditor's report, filed 20th December, 1888, ought to have been sustained.

*Decree reversed, and*
*cause remanded.*