HINER *v.* WHITLOW.

Opinion delivered January 21, 1899.

1. USURY—RIGHT OF ASSIGNEE TO PLEAD.—One who buys land on which there is an existing mortgage and in part consideration thereof under- takes to pay the debt secured by such mortgage, as well as one who buys land expressly subject to an existing mortgage thereon, will not be al- lowed to defeat the enforcement of such mortgage by a plea of usury, unless so authorized by statute. (Page 123.)

2. SAME—CONSTRUCTION OF STATUTE.—One who buys land and in part payment undertakes to pay an existing mortgage thereon cannot defeat such mortgage on the ground of usury under act of March 3, 1887, § 1, providing that any person who may have acquired the title to, or any interest in, or lien upon, any property by purchase or assignment, may bring suit to have any usurious mortgage thereon "cancelled and an- nulled, in so far as the same is in conflict with the rights of the plaintiff in the action." (Page 124.)

3. COSTS—JUDGMENT AGAINST HUSBAND.—In a suit against a married woman to foreclose a mortgage assumed by her, it is error to render judgment for costs against her husband. (Page 126.)

Appeal from Sebastian Circuit Court in Chancery.

EDGAR E. BRYANT, Judge.

*Chas. E. Warner,* for appellants.

The court erred in finding that the note and contract were not usurious. This court has the same means of reaching a correct conclusion as the chancellor, and will reverse his decree if against the decided preponderance of evidence. 41 Ark. 292; 13 Ark. 350; 15 Ark. 209; 23 Ark. 341; 55 Ark. 112.

*Thomas E. Ward,* for appellee.

Appellants are not in a position to plead usury. 32 Ark. 346; 61 Ark. 329.

BATTLE, J. "On July 31, 1896, appellee filed his complaint in this action against appellants, alleging that on February 20, 1891, one Watts and wife made a mortgage to Bleecker Luce to secure the loan of $1,600, made by H. L. Monroe, conveying certain described real estate in the city of Fort Smith, and that said Luce and Monroe in 1891 assigned said debt and mortgage to appellee; that on April 5, 1893, said Watts and wife sold their equity in such property to said H. L. Monroe, who, on January 12, 1894, sold and conveyed said property to one Vance, who assumed the mortgage;" that afterwards, on the 12th of June, 1894, Vance sold the real estate to Edwin Hiner, who, in part consideration thereof, undertook and agreed to pay the debt secured by the mortgage made by Watts and wife, and did at the time pay all the overdue interest, and $250 of the principal of the debt, and at his request the property was conveyed to his wife, appellant, Martha Hiner; and alleged that the principal of the debt and two years' interest thereon were due and unpaid, and that Hiner and wife refused to pay the same; and asked for a foreclosure of the mortgage.

Hiner failed to answer, but his wife did, alleging as her only defense that the debt and mortgage were void for usury,

and that, if valid at any time, they had been satisfied and discharged.

The facts, as shown by the evidence, were as follows: On the 20th day of February, 1891, M. C. Watts and his wife conveyed certain real estate to Bleecker Luce in trust to secure a loan of $1,600 made to him by Harry L. Monroe, which was evidenced by a bond therefor, with ten coupons for interest attached. In February, 1891, Luce and Monroe, for a valuable consideration, transferred the bond and coupons and the deed of trust or mortgage to appellee, R. W. Whitlow. On the 12th day of January, 1894, Monroe sold and conveyed the real estate to one M. D. Vance, who, as part consideration therefor, agreed and undertook to pay off and discharge the deed of trust or mortgage executed by Watts and wife. Afterwards, on the 12th of June, 1894, Vance sold the property to Edwin Hiner, who caused the same to be conveyed to his wife, Martha L. Hiner, subject to the mortgage thereon, which was executed by Watts and wife. The property sold was worth about $2,000, and the consideration received by Vance was property worth about $160, the difference between the value of that received and conveyed being about the sum due on the mortgage debt. Evidence was adduced at the hearing tending to prove that Hiner, in part consideration for the property conveyed to his wife, agreed with Vance to pay off and discharge the mortgage; and evidence was also adduced tending to prove that he did not enter into such agreement, but purchased subject to the mortgage. The amount due and unpaid on the debt at the time of the hearing was $1,642.95.

The court rendered a decree in favor of Whitlow, foreclosing the mortgage, and a judgment against Hiner and his wife for costs, and they appealed.

According to any view that can be taken of the terms of the contract between M. D. Vance and Edwin Hiner or Mrs. Hiner, the last two persons named will not be allowed to set up usury to defeat the foreclosure of the mortgage sued on, or the collection of the debt secured thereby, unless authorized to do so by a statute. If they purchased the land expressly subject to the mortgage, the land was as effectually charged with the incumbrance of the mortgage debt as it would have been had they expressly assumed the payment of the debt, or had executed

a mortgage to secure it. The land became, by the terms of the contract, the primary fund for the discharge of the debt. The theory is that the amount of the mortgage was deducted from the purchase money, and it would be inequitable to allow them to take advantage of the invalidity of the mortgage, when the vendor had virtually furnished them with the means of discharging it. Their position, in principle, is in no respect different from what it would have been had their vendor counted out in cash the sum specified in the mortgage, and placed it in their hands as his messengers, with directions to pay it to the mortgagee in discharge of the mortgage. They cannot any more defeat the appropriation intended to be made by the plea of usury in one case than they can in the other, and they cannot in either. *Morris* v. *Floyd*, 5 Barb. 130, 134, 135; *Freeman* v. *Auld*, 44 N. Y. 50; *Lee* v. *Stiger*, 30 N. J. Eq. 610; *Pinnell* v. *Boyd*, 33 N. J. Eq. 190; *Hardin* v. *Hyde*, 40 Barb. 435; 1 Jones, Mortgages (5 Ed.), §§ 735, 736.

If Hiner and wife undertook, as a part of their contract with Vance, to pay off the indebtedness secured by the mortgage, they will not be allowed to defeat the enforcement of the mortgage by a plea of usury, unless allowed to do so by a statute. Their contract was not usurious. A part of the purchase money to be paid for the land was the amount due on the mortgage debt. As in the former case, they purchased only the equity of redemption, and to allow them to defeat the mortgage would enable them to acquire the land for a sum considerably less than they agreed to pay. They stand in no better position than they would had they purchased subject to the mortgage. *Stiger* v. *Bent*, 111 Ill. 328; *Log Cabin Permanent Building Association* v. *Gross*, 71 Md. 456; *Bridge* v. *Hubbard*, 15 Mass. 103; *Pickett* v. *Merch. Nat. Bank of Memphis*, 32 Ark. 346, and cases cited above.

Can they, Hiner and wife, defeat the mortgage by setting up and maintaining a plea of usury, under the act entitled "An act to give effect to the constitutional provisions against usury," approved March 3, 1887? That act provides as follows:

"Section 1. That every lien created or arising by mortgage, deed of trust or otherwise, on real or personal property, to secure the payment of a contract for a greater rate of inter-

est than ten per centum per annum, either directly or indirectly, and every conveyance made in furtherance of any such lien, is void; and every such lien or conveyance may be cancelled and annulled at the suit of the maker of such usurious contract, or his vendees, assigns or creditors. The maker of a usurious contract may, by suit in equity against all parties asserting rights under the same, have such contract, and any mortgage, pledge or other lien, or conveyance executed to secure the performance of the same, annulled and cancelled, and any property, real or personal, embraced within the terms of said lien or conveyance, delivered up if in possession of any of the defendants in the action, and if the same be in the possession of the plaintiff, provision shall be made in the decree in the case, removing the cloud of such usurious lien, and conveyance made in furtherance thereof, from the title to such property. And any person who may have acquired the title to, or any interest in, or lien upon, such property by purchase from the makers of such usurious contract, or by assignment or by sale under judicial process, mortgage or otherwise, either before or after the making of the usurious contract, may bring his suit in equity against the parties to such usurious contract and any one claiming title to such property by virtue of such usurious contract, or may intervene in any suit brought to enforce such lien, or to obtain possession of such property under any title growing out of such usurious contract, and shall by proper decree have such mortgage, pledge or other lien, or conveyance made in furtherance thereof, cancelled and annulled *in so far as the same is in conflict with the rights of the plaintiff in the action.*

"Sec. 2. That any creditor whose debtor has given a lien by mortgage, pledge or otherwise, on real or personal property, subject to execution to secure the payment of a usurious contract, may bring his suit in equity against the parties to such usurious contract, and recover judgment for his debt against the debtor, and a decree cancelling and annulling such usurious lien, and directing the sale of the property to satisfy the plaintiff's judgment and costs, and any surplus that may remain after satisfying the plaintiff's judgment shall be paid to the debtor."

Only four classes of persons are allowed by this act to in-

stitute an action to set aside a mortgage or deed of trust on account of usury, and they are the maker, his vendees, assigns or creditors. The vendees and assigns can do so only in so far as it may be necessary to protect their rights in the property incumbered. The language of the act is: "And any person who may have acquired the title, or an interest in, or lien upon such property by purchase from the makers of such usurious contract, or by assignment or by sale under judicial process, mortgage or otherwise, may institute suit in equity  * * * *  and shall by proper decree have such mortgage, pledge, or other lien, or conveyance made in furtherance thereof, cancelled and annulled *in so far as the same is in conflict with the rights of the plaintiff in the action.*" The creditor can do so only when he recovers a judgment against the maker. So Hiner and wife cannot defeat the mortgage in this case on account of usury, because they acquired only the right to redeem the property mortgaged,—that is, that part of the estate or interest in the property not covered by the mortgage; and for the further reason that the mortgage is in no wise in conflict with their rights.

The decree of the circuit court is, therefore, affirmed, except so much thereof as is a judgment against Edwin Hiner for costs; to that extent it is reversed.

BUNN, C. J., absent.