# HIGBEE v. AETNA BLDG. & LOAN ASS'N.

### No. 437. Opinion Filed May 10, 1910.

### (109 Pac. 236.)

1. **USURY—Who May Set Up — Purchaser at Bankrupt Sale.** A purchaser of premises at a sale in bankruptcy, subject to a certain mortgage, cannot thereafter question such mortgage on the grounds of usury.

2. **CORPORATIONS—Right to Exercise Corporate Powers—Collateral Attack.** The due incorporation of any company claiming in good faith to be a corporation under the laws of this state

and doing business as such, or its right to exercise corporate powers cannot be inquired into collaterally in any private suit to which such **de facto** corporation may be a party.

(a) Such inquiry may be had in an action brought in a direct proceeding for such purpose.

(Syllabus by the Court.)

*Error from the District Court, Logan County; A. H. Huston, Judge.*

Action by the Aetna Building & Loan Association against Charles H. Higbee. Judgment for plaintiff, and defendant brings error. Affirmed.

*George P. Uhl,* for plaintiff in error.
*Devereux & Hildreth,* for defendant in error.

WILLIAMS, J. The plaintiff in error claimed title to the real estate covered by the mortgage of the defendant in error by virtue of a deed from a trustee in bankruptcy. Said deed recites:

" * * * The sale of said property was ordered by the referee aforesaid to be made at public auction, by said trustee, in the town of Coyle, Oklahoma, at eleven o'clock a. m. on the 27th day of October, 1903; that the real estate hereinafter described should be sold subject to a certain mortgage for the sum of one thousand dollars held by the Aetna Building & Loan Association, and free and clear of and from all other liens or incumbrances. * * * "

At said sale, the plaintiff in error purchased said real estate subject to such conditions in the sum of $15. The defendant in error had a charter, issued to it under the great seal of the state of Kansas, authorizing it to do business in said state as a corporation. Complying with the laws of the territory of Oklahoma relating to foreign corporations, it filed a duly authenticated copy of its charter or articles of incorporation in the office of the Secretary of the Territory and appointed an agent residing in said territory, duly authorized to accept service of process and upon whom service of process might be made in any action in which

said corporation might be made a party and otherwise complying with the provisions of sections 1225 to 1227, inclusive (article 23, c. 18) Wilson's Rev. & Ann. St. 1903.

Section 949 (section 20, art. 1, c. 18) Wilson's Rev. & Ann. St. 1903, provides:

"A copy of any articles of incorporation filed in pursuance of this chapter, and certified by the Secretary of the Territory, must be received in all courts and other places as *prima facie* evidence of the facts therein stated, and of the existence of such corporation."

Section 933 (section 4, art. 1, c. 18) Wilson's Rev. & Ann. St. 1903, provides:

"The due incorporation of any company, claiming in good faith to be a corporation under this chapter, and doing business as such, or its rights to exercise corporate powers, shall not be inquired to (into) collaterally, in any private suit to which such *de facto* corporation may be a party; such inquiry may be had, and action brought, at the suit of the territory, in the manner prescribed in civil procedure."

Said corporation doing business in the territory of Oklahoma by virtue of article 23 of said chapter, the regularity of its incorporation could not be inquired into in this proceeding.

2. The defendant further sought to avail himself of the plea of usury as to such mortgage. This identical question has been adjudicated in other jurisdictions.

In the case of *Nance v. Gregory,* 6 Lea (Tenn.) 347 (40 Am. Rep. 41), it is said:

"A purchaser of mortgaged premises at a sale of the same in bankruptcy cannot question such mortgage on the grounds of usury; and this is true whether or not such sale is subject to the mortgage, if the mortgage was recorded at the time of the sale."

In the case of *Lee v. Stiger,* 30 N. J. Eq. 610, the court said:

"The reason of the rule is obvious. The statute against usury is designed to give protection to the borrower against the greed of the lender, and not to afford any mere adventurer who may happen to slip into the seat of the borrower a right to speculate on a

violation of law which has done him no harm and caused him no loss. When the borrower sells his interest in the land he has pledged for the payment of a usurious debt, subject to that debt, he acknowledges the validity of the debt, and waives the defense of the statute. After the party aggrieved has forgiven an injury, it would not be consonant with either justice or reason to allow a stranger to set it up for his own personal advantage. The defendant has no right to display the wrong of another as a means of relieving her property from a burden it was understood it should bear at the time she acquired it."

In the case of *Miners' Trust Company Bank v. Roseberry,* 81 Pa. 309, it was held that where an owner of land on which there is a usurious lien is adjudged a bankrupt, and his land is sold by an assignee, a purchaser thereof cannot have the amount of such lien reduced by the amount of the usury. The purchaser, at an execution sale made subject to an outstanding mortgage, cannot set up usury as a defense against the same. *Pinnel v. Booyd,* 33 N. J. Eq. 190; *Cheney v. Dunlap,* 27 Neb. 401, 43 N W. 178, 5 L. R. A. 465; *Hill v. Alliance Bldg. Co.,* 6 S. D. 160, 60 N. W. 752, 55 Am. St. Rep. 819. See, also, *Pritchetl v. Mitchell,* 17 Kan. 355, 22 Am. Rep. 287; *DeWolf v. Johnston,* 10 Wheat. 367, 6 L. Ed. 343; *Essley v. Sloan,* 116 Ill. 391, 6 N. E. 449; *Studebaker v. Marquardl,* 55 Ind. 341; *Green v. Kemp,* 13 Mass. 515, 7 Am. Dec. 169; *Post v. Dart,* 8 Paige (N. Y.) ·639; *Hiner v. Whitlow,* 66 Ark. 121, 49 S. W. 353, 74 Am. St. Rep. 74; *Citizens' Bank v. Cook,* 61 Ga. 177; *Stephens v. Muir,* 8 Ind. 352, 65 ·Am. Dec. 764.

We have carefully examined the record and failed to find any error prejudicial to the rights of the plaintiff in error.

The judgment of the lower court is affirmed.

All the Justices concur.