FIRST NATIONAL MORTGAGE COMPANY
*v.* ARKMO LUMBER & SUPPLY COMPANY

82-132                                          641 S.W.2d 31

Supreme Court of Arkansas
Opinion delivered November 8, 1982

*Charles Darwin Davidson,* for appellant.

*Homer Tanner,* for appellee.

GEORGE ROSE SMITH, Justice. When the appellee Arkmo filed this suit in 1980 to foreclose its second mortgage upon land in Pulaski county, the appellant First National filed a cross-complaint to foreclose its construction-money first mortgage upon the same land. The mortgagors, apparently insolvent, let both claims go by default. Arkmo pleaded in response to the cross-complaint that First National's mortgage was void for usury. This appeal is from a decree sustaining that plea.

For reversal First National contends: First, Arkmo lacks standing to challenge the first mortgage for usury; second, Arkmo's plea of usury should have been disregarded as a mere conclusion of law; and third, the first mortgage was not usurious. We hold that the chancellor's decision was correct.

First, the matter of Arkmo's standing. Ever since 1887 our statute has provided that any creditor having a lien upon

property may attack the validity of a rival lien arising from a usurious contract. Ark. Stat. Ann. §§ 68-609 and -610 (Repl. 1979). In *Hiner* v. *Whitlow*, 66 Ark. 121, 49 S.W. 353, 74 Am. St. Rep. 74 (1899), we construed the statute so narrowly that it was practically of no effect, but we overruled the *Hiner* case in *Bailey* v. *Commerce Union Bank*, 223 Ark. 686, 269 S.W.2d 314 (1954). We adhere to our holding in *Bailey*, despite the suggestion made there on rehearing that the ruling was dictum.

Second, Arkmo's conclusory plea of usury. Arkmo's plea was in fact a conclusion, asserting merely that First National's note and indebtedness were void for usury. In a 1975 case we denied an application for a writ of prohibition on the ground that usury is an affirmative defense which the trial court may in its discretion reject without a hearing when no facts are pleaded to support the assertion of usury. *Girley* v. *Wood*, 258 Ark. 408, 525 S.W.2d 454 (1975). We indicated, however, that a conclusory plea would be good if the note is usurious on its face.

That case is not controlling here, especially in view of the Rules of Civil Procedure that became effective in 1979. In the case at bar the conclusory plea was filed in August, 1981. First National went to trial six months later, in February, without having moved for a more definite statement, as it was entitled to do under Rule 12 (e). At the trial counsel for Arkmo, without objection, adduced facts supporting its plea of usury by cross-examining First National's principal witness, Dennis Mills. There was no claim of surprise. At the conclusion of the trial counsel for both sides argued the question of usury and submitted written briefs within a week. The trial judge, in deciding the case, specifically held that First National had sufficient notice of the allegation of usury. Thus under Civil Procedure Rule 15 the trial court properly treated the pleadings as having been amended to conform to the proof.

Third, the question of usury. First National's promissory note, dated November 8, 1977, ostensibly obligated the makers to pay $38,800 on or before November 8, 1978, with interest from date until maturity at 8.75% per annum

and thereafter until paid at 10% per annum. The note recited that it was secured by a construction-loan mortgage and contained this typed insertion in the printed form: "The signers hereby agree to pay 1% commitment fee." The accompanying mortgage recited that the loan would be used solely for the construction of improvements on the mortgaged land and that construction would be optional with the mortgagors. Thus the transaction was a typical construction loan, which is one to finance a building project until its completion and the issuance of the long-term mortgage. Webster's Third New International Dictionary (1961).

Here Arkmo's argument that the note was usurious on its face was accepted by the chancellor. We have held that a commitment fee, assessed by the lender for its readiness to have the total amount of a construction loan available when needed, is in fact part of the lender's cost of doing business and must be treated as interest if charged to the borrower. *Ark. Sav. & Loan Assn.* v. *Mack Trucks of Ark.*, 263 Ark. 264, 566 S.W.2d 128 (1978). Under the language of First National's note, the 1% commitment fee could have been charged to the borrowers at the outset, as was done in the case cited. In that event the inclusion of the commitment fee in the principal amount of the note would have resulted in an excessive interest charge after maturity. Hence the exaction of the commitment fee made the note usurious.

There is an alternative basis demonstrating the correctness of the chancellor's decision. The witness Mills testified that during the original one-year term of the note First National made four disbursements as construction progressed. We list those four advances, with the interest accrued at 8.75% from the date of each advance until the one-year maturity of the note on November 8, 1978:

| Amounts Advanced | Interest at 8.75% |
|---|---|
| Nov. 8, 1977: $ 5,352 | $ 468.30 |
| Dec. 28, 1977:  6,288 | 474.83 |
| Feb. 22, 1978: 15,520 | 963.61 |

| | |
|---|---|
| Apr. 26, 1978: 4,000 | 188.04 |
| Total interest accrued first year | 2,094.78 |
| Plus 1% commitment fee | 388.00 |
| Total chargeable to borrowers | 2,482.78 |

The maximum legal interest, at 10% per annum, upon the four advances from their dates until maturity would be only $2,394.03. Hence the addition of the 1% commitment fee, deductible at the outset, resulted in an excessive interest charge of $88.75 during the first year. First National did not actually charge the commitment fee, perhaps because such a fee was disapproved in *Mack Trucks* a few months after the date of the construction loan now in question. The option to make the charge lay with the lender, however, not with the borrowers. A lender cannot purge a loan of usury by dropping the excess charge when suit is filed. *Bunn* v. *Weyerhaeuser Company*, 268 Ark. 445, 598 S.W.2d 54 (1980). The chancellor's decision was right.

Affirmed.