## DREYFUS COMPANY, INC. *v.*
## TIM WARGO AND SONS, INC.

84-45                                          668 S.W.2d 957

Supreme Court of Arkansas
Opinion delivered May 21, 1984
[Rehearing denied June 25, 1984.]

*Arnold, Hamilton & Streetman,* by: *William S. Arnold,* for appellant.

*Griffin, Rainwater & Draper,* by: *Paul S. Rainwater,* for appellee.

JOHN I. PURTLE, Justice. The trial court cancelled the appellant's claim on account against the appellee because it was found the debt had been tainted by usury. For reversal appellant argues: 1) the court erred in holding that the erroneous claim for storage charges was an attempt to collect usurious interest; 2) it was error to hold that a worksheet reflected an intent to collect illegal interest; and 3) it was error to order appellant to redeliver soybeans which it no longer had in its possession. We hold that the debt is not tainted by usury.

The facts of this case reveal that Dreyfus Company, Inc., (appellant) was in the business of storing and selling grain as well as contracting for production of certified and registered soybean seed. Tim Wargo and Sons, Inc., (appellee) was likewise a close corporation engaged in production of agricultural products including certified soybean seed. The two companies did business with each other for the crop years 1978 through 1981. It was the practice of appellee to obtain seed beans from appellant and pay for them by delivering a certain amount of the crop back to appellant. Also, appellee stored beans in appellant's warehouse and elevators for the purpose of getting a better price later on. No storage charges were to be made against appellee's beans.

Appellee never ordered any of its beans sold because Wargo apparently hoped to get a better price. When the account reached about $192,000, appellant sought a conference for the purpose of making arrangements to settle the account. In preparation for the conference appellant had its accountant prepare a chart showing the cost of carrying the account for appellee. The chart demonstrated interest rates of 9%, 10%, 15¼% and 18%. A copy of the chart was furnished to appellee. When no agreement was reached appellant filed suit on the debt. The attorney calculated storage charges for appellee's grain and included the charges in his complaint. Upon discovery that no storage charges were to be made the complaint was amended to delete the charges from the complaint.

During the trial the chart showing the various interest rates was introduced as was the complaint for storage charges. Appellee had never been sent a statement or any kind of demand to pay either storage charges or excessive interest. At the conclusion of the trial the court found that the complaint for storage charges and the chart showing various interest rates tainted the debt with usury thereby rendering it uncollectable. The court also ordered appellant to return to appellee all beans which had been stored with appellant over the four year period they dealt with each other.

Usury is an affirmative defense and the party alleging usury has the burden of proving it. If an instrument is usurious on its face the holder has the burden of proving it is not usurious. However, if the instrument is not usurious on its face the borrower has the burden of proving it is usurious. The intention of the parties and the circumstances surrounding the loan as well as the performance of the parties are factors to be considered in determining whether a transaction is usurious. *Bunn Lbr. Co. v. Weyerhaeuser Co.,* 268 Ark. 445, 598 S.W.2d 54 (1980). We have many times held that a usurious contract cannot be purged of the taint of usury either by remittitur or suing at a nonusurious rate. *First Nat'l Mtg. Co. v. Arkmo Lbr. & Supp. Co.,* 277 Ark. 298, 641 S.W.2d 31 (1982); *Bunn v. Weyerhauser, supra; Redbarn Chemicals v. Bradshaw,* 254 Ark. 557, 494 S.W.2d 720 (1973). However, the mere fact that suit is filed for an excessive amount does not render the transaction usurious. *Svestka v. First Nat'l Bk. in Stuttgart,* 269 Ark. 237, 602 S.W.2d 604 (1980).

"The unlawful act of usury will never be imputed to the parties and it will not be inferred when the opposite conclusion can be reasonably and fairly reached. . .If the transaction is not otherwise usurious, filing suit for too much money is not usury." *Pulpwood Suppliers v. Owens,* 268 Ark. 324, 597 S.W.2d 65 (1980). The appellee never received any statement in any form whatsoever charging it an illegal rate of interest or a statement charging it with storage of grain. Both Wargo and Dreyfus testified that no storage charges were to be incurred. The attorney mistakenly

added storage charges in the original complaint. However he amended the complaint to delete the charges when he discovered his error. Therefore, we think the inclusion of storage charges in the original complaint was mistake. The only other evidence which could show an intent to charge a usurious rate was the worksheet which was used by the appellant in an attempt to get the appellee to settle the account. Dreyfus testified that usurious rates of interest were shown for the purpose of demonstrating to the appellee what it was costing the appellant to carry the account. Wargo admitted his company had never received a usurious statement from the appellant. Under the facts of this case we are of the opinion that the decision of the trial court was clearly erroneous. The appellee failed to discharge its burden of proving usury.

In view of our holding that the transaction was not usurious we deem it unnecessary to discuss the order by the court to return the beans to the appellee.

The case is remanded with directions for the trial court to proceed in a manner not inconsistent with this opinion.

Reversed and remanded.