## JONES *et al.* v. PERKINS.

No. 3416.    Opinion Filed November 17, 1914.

(144 Pac. 183.)

**MORTGAGES** — Validity of Mortgage—Foreclosure—Indian Allotment.
Where, prior to the removal of his restrictions, B., a minor Creek freedman, executed a warranty deed for his allotment to S., and put him in possession, and where S., after mortgaging the same to P., deeded the land to G., who, while in possession, received a valid conveyance thereof from B., and thereafter conveyed the land to J. by deed containing a covenant of warranty against all incumbrances, except a mortgage for $705 in favor of P., which said amount was withheld by J. from the purchase money of the land, held, in a suit for foreclosure, that although B.'s deed to S. and the mortgage of S. to P. were void, that J. was estopped to deny the validity of the mortgage.

(Syllabus by the Court.)

*Error from District Court, Hughes County;
John Caruthers, Judge.*

Action by Fred Perkins against Alice Jones and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. P. Langston,* for plaintiffs in error.

*Mann, Rogers & Harris,* for defendant in error.

TURNER, J.   On March 7, 1911, in the district court of Hughes county, Fred Perkins, the defendant in error, sued Alice Jones and others, plaintiffs in error, to foreclose a real estate mortgage, which secured a past-due note for $705.   There was judgment in foreclosure, and defendants bring the case here. The agreed statement of facts disclose Perkins to be the owner of the mortgage; that on June 8, 1906, the land therein described was the allotment of Clarence Barnett, a minor Creek freedman; that on said day he executed a warranty deed thereto to O. D. Smith and wife, who took possession, and on December 10, 1906, executed to Perkins the note and mortgage sought to be foreclosed; that on April 27, 1908, said Smith and wife executed a warranty deed thereto to H. B. Gooch, who took possession; that

on September 11, 1908, Clarence Barnett and wife, he having reached his majority, conveyed by deed said land to Gooch, who, together with his wife, on October 23, 1911, sold and by warranty deed conveyed the land to defendant Alice Jones. On this state of facts the trial court entered a personal judgment on said note for $790.23 against the defendants O. D. Smith and wife and Alice Jones, and held that, by virtue of said mortgage, a valid lien subsisted against the land in the hands of the defendant Alice Jones, and ordered the same foreclosed to satisfy the same. Therein the court was right. Independent of the disability of his minority at the time of the execution of his deed to Smith, as the restrictions had not been removed from the land in controversy, by Act of Congress April 21, 1904, c. 1402, 33 St. at L. 204, Barnett's deed to Smith was void. Section 5, Act. Cong. May 27, 1908; c. 199, 35 St. at L. 313, reads:

"That any attempted alienation or incumbrance by deed, mortgage, contract to sell, power of attorney or other instrument or method of incumbering real estate made before or after the approval of this act, which affects the title to the land allotted to allottees of the Five Civilized Tribes prior to the removal of restrictions therefrom, also any lease of such restricted land made in violation of law before or after the approval of this act shall be absolutely null and void."

And, as Smith thereby acquired no title to the land, this mortgage, executed thereon by him and his wife to plaintiff, was also void. In *Pennock v. Coe,* 64 U. S. (23 How.) 117, 16 L. Ed. 436, speaking to this the court said:

"* * * The thing itself is an impossibility. It may at once, therefore, be admitted, whenever a party undertakes, by deed or mortgage, to grant property, real or personal, *in praesenti,* which does not belong to him or has no existence, the deed or mortgage, as the case may be, is inoperative and void, and this either in a court of law or equity."

But the fact that the deed from Gooch to the defendant Alice Jones contains a covenant of warranty against all incumbrances, "except a mortgage for $705 made in favor of" plaintiff, and that said amount was withheld from the purchase money due the grantor from the grantee, estops her to deny the validity of said mortgage. 1 Jones on Mortgages, sec. 736, says:

"When one purchases land expressly subject to a mortgage, the land conveyed is as effectually charged with the incumbrance of the mortgage debt as if the purchaser had expressly assumed the payment of the debt, or had himself made a mortgage of the land to secure it. * * * The amount of an existing mortgage having been deducted from the purchase money of the incumbered property, the grantee in effect undertakes to pay the amount of the purchase money represented by the mortgage to the holder of it, and he is as effectually estopped to deny its validity as he would be had he in terms agreed to pay such mortgage."

And again (section 744):

"The purchaser is not allowed to defend against the mortgage he has assumed to pay, on the ground that it was made without consideration, or that the consideration has failed, and therefore is not valid against his grantor.; for the latter, having appropriated a portion of the purchase price of the land to the payment of a sum of money to a third person, and made it a charge upon the land, it does not matter whether there was any legal obligation upon him to pay it, or whether it was at the time of the sale a lien upon the land; his grantee, having undertaken to pay it, is precluded from assailing its validity.  ***"
—citing in support of this doctrine, among others, the cases of *Freeman v. Auld,* 44 N. Y. 50; *Trusdell v. Dowden,* 47 N. J. Eq. 396, 20 Atl. 972; *Gowans v. Pierce,* 57 Kan. 180, 45 Pac. 586.

See, also, *Green v. Houston,* 22 Kan. 38; *Johnson v. Thompson,* 129 Mass. 398. In the latter case the syllabus reads:

"A grantee of land is estopped to deny the validity of a mortgage to which his deed recites that the conveyance to him is subject."

Affirmed.

All the Justices concur.