## MIDLAND SAVINGS & LOAN CO. v. NEIGHBOR et al.

No. 5636.   Opinion Filed January 11, 1916.

(154 Pac. 506.)

MORTGAGES—Purchaser of Mortgaged Property—Right to Question Validity.   One who purchases real property expressly subject to a mortgage thereon is, in an action to foreclose the same, precluded from asserting the invalidity of such mortgage and defending against it on the ground that it is not fully enforceable against his grantor.

(Syllabus by Bleakmore, C.)

*Error from District Court, Alfalfa County;*
*James W. Steen, Judge.*

Action by the Midland Savings & Loan Company, a corporation, against Oma J. Neighbor and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

*Geo. W. Partridge* and *A. J. Bryant,* for plaintiff in error.

*Titus & Talbot,* for defendants in error.

Opinion by BLEAKMORE, C. This case presents error from the district court of Alfalfa county. On November 2, 1908, Lincoln H. Burr and wife executed and delivered their bond or note for the principal sum of $1,000 and a mortgage on certain real estate situate in the town of Cherokee, Okla., securing the same, to the Midland Savings & Loan Company, a building and loan association incorporated and existing under the laws of the State of Colorado, and, by compliance with the law, authorized to do business in this state. By the terms of said bond the makers bound themselves to pay to the association, at its office in Denver, Colo., the sum of $24 on or before the last day of each month, of which amount $14 was a monthly installment, due upon 35 shares of the capital stock of the association, $8.33 was monthly interest upon the principal sum, and $1.67 a premium payable monthly upon said principal, and also such fines as should accrue upon delinquent payments for said stock, interest and premium, according to the by-laws of the company, until the principal sum should be paid in full as provided in the bond; and, further, that in the event of default in the payment of any of said monthly payments, the association should have its option of declaring the principal sum due and payable at once, and in case of suit an attorney's fee of $100 to be paid. On April 10, 1911, Burr and wife conveyed the mortgaged property to the defendant Oma J. Neighbor, who, as part of the purchase price thereof, expressly assumed the obligation of said bond, and agreed to pay the indebtedness evidenced thereby, said agreement being as follows:

"The Midland Savings & Loan Company, Denver, Colorado—Gentlemen: In accepting lot numbered 3 in block numbered 21 in the town of Cherokee, county of Alfalfa and State of Oklahoma, according to the recorded plat thereof, and the assignment of your certificate numbered 9346, representing thirty-five shares of stock, from Lincoln H. Burr, I accept the same subject to the mortgage held by your company on the said property, and assume and agree to pay said mortgage indebtedness, and to own and carry the said shares of stock, according to the contract of said Lincoln H. Burr, as a part payment of the purchase price of said property. Respectfully, Oma J. Neighbor and witness S. W. Hill."

Subsequently Oma J. Neighbor and J. W. Neighbor conveyed said property to the defendant F. R. Zacharias, subject to said mortgage. Numerous payments were made, apparently in compliance with the provisions of said obligation, by defendants and their predecessors in interest, the last being on August 11, 1911. Defendants having defaulted in the payment of certain installments, due according to the terms of the bond, the association exercised its option to declare the whole amount immediately payable, and, on July 1, 1912, brought this action, claiming the sum of $776.08, including an attorney's fee of $100.

Defendants contended that the bond and mortgage in suit constituted an Oklahoma contract, governed and to be construed by the law of this jurisdiction; that such contract did not comply with the law of this state relative to building and loan associations; that the premiums collected, and sought to be collected, were fixed and exacted by arbitrary rule of the association, and were not determined and accepted as the result of competitive bidding, as required by law; that the contract is usurious; that

plaintiff is entitled to collect only the principal sum of
$1,000, with the minimum rate of interest thereon, etc.
The court found and adjudged:

"That plaintiff had not required bids from its stock-
holders for preference of loan, and that the loan was
made without any such bids as required by law, but by
an arbitrary rule of the company, and that premium so
paid by the defendant was paid on said arbitrary basis,
and not as the result of any bidding for said loan, and
the said contract is usurious; and that plaintiff is not en-
titled to the privileges granted to a building and loan
association under the laws of this state; and that by rea-
son thereof plaintiff is entitled to interest at 6 per cent.
on the original bond from its date to this day, less the
several sums of money paid thereon, as shown by plain-
tiff's petition herein; and the court further finds that
plaintiff took possession of the property under foreclos-
ure of this action prior to the 1st day of November, 1912,
and has occupied the same since, and that the reasonable
rental value thereof is the sum of $20 per month for the
past nine months, in the sum of $180, and that the same
should be credited on the amount found due the plaintiff
herein; and the court finds the total amount due the plain-
tiff on said note and mortgage, after deducting all pay-
ments and rents as aforesaid, to be the sum of $127.91, to
bear interest at 6 per cent. per annum, and plaintiff is
allowed $100 attorney's fees, to be taxed as part of the
costs of the action, and judgment is entered for $127.91
debt and $100 attorney's fees."

In presenting its assignments of error plaintiff urges
that the defenses sought to be interposed, were they oth-
erwise good, cannot avail defendants in this case; and
this is the only question we deem necessary to consider.
The undisputed facts are that defendants purchased the
mortgaged property expressly subject to the mortgage of
plaintiff. Under such circumstances they are precluded

from questioning the validity of such mortgage on any of the grounds asserted by them to defeat its enforcement. This doctrine is established in this jurisdiction by *Jones v. Perkins*, 43 Okla. 734, 144 Pac. 183, and *U. S. Bond & Mtg. Co. v. Keahey et al.*, 53 Okla. 176, 155 Pac. 557. In the latter case, Mr. Justice Hardy, speaking for the court said:

"When one purchases land subject to a mortgage thereon, the land conveyed is effectually charged with the incumbrance to the same effect as if the purchaser had expressly assumed the payment of the debt or had himself made a mortgage on the land to secure it, and under such circumstances the purchaser is not allowed to defend against the mortgage he has assumed to pay on the ground that it is not valid against his grantor; for having purchased the premises subject to the mortgage, he is precluded from assailing its validity. *Jones et al. v. Perkins*, 43 Okla. 739, 144 Pac. 183; 1 Jones on Mortgages, sections 336, 744. Having purchased the equity of redemption in the mortgaged premises and agreed to take the land subject to the mortgage, the amount of the mortgage indebtedness entered into the consideration therefor, and if he be permitted to defeat the mortgage on the ground of its invalidity, he would thus defraud his grantor and the mortgagee. This would be speculation upon the validity of a contract from which he had suffered no harm, and would permit him to withhold money to which he had no right, and without any consideration. In theory he has deducted the amount of the mortgage from the purchase price, and it would clearly be inequitable to allow him to urge the invalidity of the mortgage, and retain the amount thereof which was in effect furnished by his grantor, and not apply it to the discharge of mortgage. *Selby v. Sanford* [7 Kan. App. 781] 54 Pac. 17; *Green v. Houston*, 22 Kan. 38; *Johnson v. Thompson*, 129 Mass. 398; *Foy v. Armstrong* [113 Iowa, 629] 85 N. W. 753; *Trusdell v. Dowden*, 47 N. J. Eq. 396,

20 Atl. 972; *Fuller & Co. v. Hunt,* 48 Iowa, 163; *Brosseau v. Lowy* [209 Ill. 405] 70 N. E. 901; *Hiner v. Whitlow* [66 Ark. 121] 49 S. W. 353 [74 Am. St. Rep. 74]; *Gerdine v. Menage* [41 Minn. 417] 43 N. W. 91; *Gregory v. Arms* [48 Ind. App. 562] 96 N. E. 196; *Batts v. Middlesex Banking Co.* [26 Tex. Civ. App. 515] 63 S. W. 1046."

See, also, *Higbee v. Aetna Bldg. & Loan Ass'n.,* 26 Okla. 327, 109 Pac. 236, Ann. Cas. 1912B, 223.

It appears from the evidence that the plaintiff in some manner had acquired possession of the mortgaged property nine months prior to the trial, the rental value of which is shown to be $20 per month. There is also the statement of its agent that he collected $140 rentals therefrom, which "went into the property." However, no showing is made as to how the same went into the property, whether for necessary repairs or otherwise. The court allowed defendants credit for the full nine months, or $180. It is impossible from the evidence to determine what amount, if any, should be credited upon the debt by reason of such rentals.

The judgment should be reversed and the cause remanded, with directions to the trial court to ascertain the exact amount due plaintiff under the terms of its contract, to require an accounting of the rental value of the property while in possession of plaintiff, allow defendants credit therefor, less any sums actually expended for necessary repairs, and render judgment accordingly.

By the Court: It is so ordered.