## MIDLAND SAVINGS & LOAN CO. v. SHEIL *et al.*

No. 4618.   Opinion Filed April 18, 1916.

(157 Pac. 80.)

1.   **USURY—Remedies—Personal Nature of Right to Relief.** Where property is conveyed to one and as a part of the consideration therefor he assumes and agrees to pay a debt secured by a mortgage lien upon the property thus purchased by him, he is estopped from asserting a claim of usury in the debt thus assumed.

2.   **SAME.** The plea of usury is a personal one and may be waived by the one entitled to plead it, and in this case the purchaser of the property is not entitled to plead it.

(Syllabus by Hooker, C.)

*Error from District Court, Texas County;*
*W. C. Crow, Judge.*

Action by the Midland Savings & Loan Company against J. C. Sheil and others. Judgment for defendants, and plaintiff brings error. Reversed, with directions.

*W. G. Hughes* and *A. J. Bryant,* for plaintiff in error.

*Gleason & Breslin,* for defendants in error.

Opinion by HOOKER, C. Under the authority of this court as expressed in *Holmberg v. Will,* 49 Okla. 138, 152 Pac. 357, the motion to dismiss this appeal is denied.

This is a suit instituted in the lower court by the Midland Saving & Loan Company of Denver, Colo., to re-

cover a judgment foreclosing a real estate mortgage executed by one J. Z. Gilliland and wife, of Guymon, Okla., to the company, which mortgage was executed about February 1, 1909, for the sum of $300. It appears from the evidence that at that time the said Gilliland and wife were the owners of the real estate involved here and that they had a short time before that subscribed for and become the owners of a certain number of shares in the company and that they thereafter applied for and received a loan from the company to secure which the mortgage aforesaid was given.

It further appears that thereafter the said J. Z. Gilliland and wife sold this property to J. C. Sheil and, as a part of the consideration therefor, the said J. C. Sheil assumed the indebtedness due the company, and also, at the same time and as a part of the same transaction, a certificate of stock or shares in the company formerly owned by said Gilliland was transferred by him to Sheil and he accepted the same subject to the rights of the company. Thereafter default was made in the monthly payments, and the company instituted a suit as stated to recover judgment against Gilliland and upon his notes or bonds, and to foreclose the mortgage given to secure the indebtedness. The said Gilliland did not appear in this action, but Sheil filed an answer, which was a general denial, and also pleaded payment, and he also sought to raise the question of usury in his evidence.

Under our view of the law in this case the position of the defendant in error is not tenable, for the reason that the evidence discloses that the debt due the company had not been paid at the time of the institution of the suit nor at the time of the trial of this action, and as J. C.

Sheil, at the time of the conveyance of the property to him by Gilliland, agreed to pay the debt due the company as a part of the consideration therefor, as to him it is absolutely immaterial whether there be usury in this contract or not. For having assumed said obligation and having agreed to pay the same as a part of the consideration for the property, he is not in a position to deny the obligation or to repudiate its payment. See *Midland Savings & Loan Co. v. Neighbor et al.*, 54 Okla. 626, 154 Pac. 506.

Usury is a personal plea which can only be alleged by the party agreeing to pay or paying the same, and it is one that can be waived if it is so desired.

Gilliland in this action does not plead usury, and under the authority of this court Sheil cannot do so for him, and especially is this true where he has agreed to pay the debt as a part of the consideration for the property. No evidence was introduced by Sheil upon the trial of this cause seeking to establish the payment of the debt sued upon, and from the record before us, with the views given above as to the law of this case, the plaintiff in error is entitled to a judgment as prayed for in its petition, and inasmuch as it was admitted by the defendant in error Sheil, upon the trial below, that the figures of the company were correct, the judgment of the lower court is reversed, with directions to enter a judgment in favor of the plaintiff in error for the sum prayed for in its petition, and for a foreclosure of its mortgage.

By the Court: It is so ordered.