DEMING INV. CO. v. REED et ux.

No. 8897—Opinion Filed Feb. 25, 1919.

(179 Pac. 35.)

(Syllabus.)

**1. Pleading—Motion for Judgment on the Pleadings—Nature.**

Nature of Motion. A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well-pleaded facts in the pleadings of the opposing party. It may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it.

**2. Usury—Loan — Note — Acceleration of Mortgage.**

Where Bond and wife on the 4th day of June, 1912, borrowed from defendant $1,600 for a period of seven years, and executed their note for the repayment thereof, due on the 1st day of June, 1919, with interest thereon at the rate of 6 per cent. per annum, payable annually, with interest at the rate of 10 per cent. from maturity, and gave their mortgage upon a tract of land to secure the note, and at the same time executed three interest notes aggregating $224, due semiannually, with interest at the rate of 10 per cent. per annum from maturity, with a second mortgage upon the land to secure the same, and afterwards conveyed the land to R. subject to said mortgages, who assumed the payment of the notes, and who thereafter in October, 1915, in order to accelerate the maturity of said notes by an arrangement with defendant, voluntarily paid and the defendant received $1,823 in payment of said loan, held, the principal note was not usurious on its face.

**3. Same.**

That, conceding the $224 deducted to be interest paid, and the items of $48 and $53, aggregating the $101 sued for, to be also interest paid, all interest paid and charged for the entire time the loan had run, had the contract been performed, did not exceed the lawful rate.

**4. Same.**

Further, that because the mortgagee, under the contract by the exercise of his option accelerating the maturity of the loan r' s entitled to demand more than the amount of the loan with legal interest to the time the loan is called does not make the transaction usurious.

**5. Same.**

It therefore follows that, there being no usurious interest included in the $1,823 paid, the purchaser of the land covered by the mortgages, who paid said sum to accelerate the maturity of the principal note, paid no usurious interest.

Appeal from District Court, Pontotoc County; J. W. Bolen, Judge.

Suit by W. J. Reed and Mrs. J. K. Reed against the Deming Investment Company. Judgment for plaintiffs, and defendant appeals upon petition in error with transcript of record attached. Reversed and remanded, with directions.

S. F. Brady, C. B. Mitchell, and H. A. Kroeger, for plaintiff in error.

B. C. & A. W. Wadlington, for defendants in error.

JOHNSON, J. This is an appeal from the district court of Pontotoc county upon a petition in error, with the transcript of the record to the court below attached, and for convenience the parties will be referred to as plaintiffs and defendant as they appear in the court below.

This suit was begun in the court below by the plaintiffs, W. J. Reed and Mrs. J. K. Reed by petition filed in the court below, against the Deming Investment Company, a corporation, as defendant. Said petition was filed on January 24, 1916, and paragraphs 2 and 3 in said petition were as follows:

(2) "That on or about the 4th day of June, 1912, the defendant and Henry J. Bond and Lizzie Bond entered into an agreement, whereby the said defendant for the corrupt use of charging, taking and receiving a greater rate of interest than was and is allowed by law, agreed to loan said Henry J. Bond and Lizzie Bond the sum of $1,600 for the period of seven years on condition that said Henry J. Bond and Lizzie Bond would pay to the said defendant the sum of — dollars, as interest, a copy of said agreement, a note, being hereto attached, marked Exhibit A, and made a part hereof. That said Henry J. Bond and Lizzie Bond at said time executed a first mortgage to secure said $1,600 note to said defendant, and also, for the purpose of paying and securing additional interest to said defendant, did execute to said defendant a second mortgage for the sum of $224. That said second mortgage was to secure the payment of additional interest to said defendant. That the $224 secured by said second mortgage was for additional interest on said loan of $1,600. Said first mortgage for $1,600 is hereto attached marked Exhibit B, and made a part hereof, and said second mortgage for $224 is hereto attached, marked Exhibit C and made a

part hereof. That after the execution of said notes and mortgages that these plaintiffs became the purchasers of the property covered by said mortgages and notes and assumed the payment of the same together with the interest thereon."

(3) That thereafter in pursuance of said agreements, notes and mortgages, the plaintiffs in the fall of 1915 did pay said notes and mortgages to the said defendant at Ada, Pontotoc county, Oklahoma, and at Ada, Pontotoc county, Oklahoma, the said defendant on the — day of ———, 1915, and within two years before the commencement of this suit, did knowingly, intentionally and corruptly take, receive and collect the sum of $664 as interest for said loan of $1,600 for the space of three years and about five (5) months, which was in excess of ten per cent. per annum and was in excess of the rate of interest allowed by law. That plaintiffs are entitled to recover twice the amount of said interest so paid said defendant, to wit: twice the $664, amounting to $1,328 and are entitled to $100 as attorney's fee in addition thereto. That said plaintiffs have made due and legal written demand upon said defendant for the return of said usury and usurious interest.

"Wherefore the plaintiffs pray for a judgment against said defendant in the sum of $1,428 and all costs and proper relief."

To which petition of the plaintiffs the defendant filed a demurrer on the 7th day of February, 1916, in which it was alleged as grounds thereof:

"That said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants. And as further cause for said demurrer defendant specifically shows to the court that said petition discloses that plaintiffs herein purchased the property covered by the mortgage mentioned in the petition herein, subject to said mortgage, and assumed the payment of the notes secured by said mortgage, and, therefore, are estopped to maintain this action."

On February 21, 1916, upon a hearing had, the court sustained the demurrer to which plaintiffs excepted and were granted ten days to amend; the defendant was given ten days thereafter to answer.

On March 1, 1916, the plaintiffs were granted ten days' additional in which to file amended petition, defendant fifteen days thereafter to plead. Thereafter, on the 10th day of March, 1916, the plaintiffs filed their first amended petition.

Paragraphs 1 and 2 of the plaintiffs' amended petition, while differing in phraseology from the causes set out in their original petition, yet in substance and effect the averments and allegations are substantially

the same, and in paragraph 3 of said amended petition for their second cause of action, plaintiffs alleged:

"That about October, 1915, said plaintiffs paid to and said defendant, knowingly, intentionally, corruptly, and unlawfully, took as interest the sum of $101 in addition to the amount provided for in said notes and mortgages. That the said items were represented by and included in the $1,823, paid by the plaintiffs to the defendants on said date, and that the $101 was usurious interest, and they prayed judgment for double said sum, to wit: $202 in said cause of action."

And the plaintiffs alleged in said amended petition as a third cause of action, that defendant on or about October, 1915, took and received and collected, knowingly, intentionally, unlawfully and corruptly, the sum of $53 as against the said loan in addition to the amount provided in said mortgages and notes, and that the sum was in excess of 10 per cent. per annum, and the said additional sum was included in the sum of $1,823, paid at said time by the plaintiffs to the defendants of said notes and mortgages, and prayed judgment in their said third cause of action for double the said sum of $53, to wit, $106, concluding the petition with a prayer for judgment for $1,232, being double the amount of interest taken and $100 additional as a reasonable attorney's fee.

To this amended petition the defendant, on the 16th day of March, 1916, filed its demurrer, alleging, in substance: That said petition as a whole did not state facts sufficient to constitute a cause of action; second, demurred specifically upon the same grounds to the second and third cause of action contained in plaintiffs' amended petition. On June 26, 1916, the court sustained the demurrer to the first cause of action, but overruled the same as to the second and third, and the petition as a whole, and granted defendant 10 days to answer.

The defendant on the 7th day of July, 1916, thereafter, filed its answer to the plaintiffs' first amended petition denying every allegation of fact in second cause of action except such as were specifically admitted, then follows the admission of the making of the loan for $1,600 to Henry J. Bond and wife, Lizzie Bond, as evidenced by note of June 1, 1916, and the mortgage securing the same, and as to the three commission notes aggregating $224 and the mortgage given to secure the same, and that the plaintiff Mrs. J. K. Reed, acting through her husband, thereafter purchased the lands covered by the mortgages subject to the lien on said mortgages, and that the plaintiff herein on

or about the 26th day of October, 1915, paid to the defendant the sum of $1,823 in payment of said loan, and that said sum included $1,600, the principal of said loan, the commission note for $74 due in June, 1915, the $48 interest installment due on said first mortgage in June, 1915, together with the sum of $101, which were required by the defendant to be paid, and was paid by the plaintiffs as and for the consideration of the privilege of paying off said loan at said time instead of allowing the same to run to its natural maturity on June 1, 1919, and that the same was for that purpose and did not constitute usury. And that in answer to the plaintiffs' third cause of action the defendants alleged a general denial, except wherein the allegations were specifically admitted, and denies specifically that the defendant did, on or about October 15th, or at any other time, receive and collect the sum of $53, or any other sum, then offering the allegation in his answer to the plaintiffs' second cause of action in regard to the sum paid in discharge of the loan, and further alleging that said sum of $53 mentioned in plaintiffs' third cause of action was not exacted as interest, but as consideration for the privilege of prepaying said loan, which, by its terms, was not due until June 1, 1919, and denying liability on account of the said payment.

And thereafter, on the 26th day of November, 1916, plaintiff filed in said cause motion for judgment on the pleadings, which motion was as follows:

"Now comes the above-named plaintiffs in the above-styled and numbered cause and in open court move the court for a judgment on the pleadings in the sum of $202 on the plaintiffs' second cause of action in the first amended petition, for the reason that the answer of the defendant to said first amended petition admits the collection of $101, excess interest or usury, as charged in said second cause of action in plaintiffs' first amended petition."

And upon a hearing thereof on said date, the court rendered judgment for plaintiffs for $202 and an attorney's fee of $10 for plaintiff. The defendant assigns error as follows:

(a) The court erred in rendering judgment upon plaintiffs' motion for judgment on the pleadings, in favor of the plaintiffs instead of in favor of this defendant.

(b) The court erred in rendering judgment upon the pleadings in favor of the plaintiffs against this defendant, instead of allowing said cause to stand for trial upon the issues made by the pleadings therein.

(c) The court erred in rendering judgment

against this defendant in the sum of $202 or any other sum.

(d) The court erred in rendering judgment against the defendant in said cause for costs.

We will consider the assignments of error as a whole; in fact, it appears that, taken together or separately, they raise but one question, which is very tersely expressed in the first assignment. When a motion for judgment upon the pleadings is filed by either party to the action, the effect is that it searches the entire record and relates back to and tests the sufficiency of the original petition filed by the plaintiff, and seeks a judgment of the court in favor of either party that the court may find to be entitled thereto.

The law in this respect is succinctly stated in 31 Cyc. p. 606, where it is stated:

"Nature of Motion. A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well-pleaded facts in the pleadings of the opposing party. It may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it."

This court has followed the rule laid down by Cyc. in the section quoted. In the case of C. E. Sharp Lumber Co. v. Kansas Ice Co. et al., 42 Okla. 689, 142 Pac. 1016, in an opinion by Harrison, C., it was said:

"A motion for judgment on the pleadings is in the nature of a demurrer, which it closely resembles, and admits for its purpose the truth of all the facts well pleaded by the opposite party."

He cites in support 11 Enc. of Pl. & Pr. 1046, and authorities there cited.

We think there could be no doubt that the correct rule of procedure is laid down in the authorities cited. It was pleaded by the plaintiffs, both in their original petition and first amended petition, and which was admitted in the answer of the defendant to the plaintiffs' amended petition, that the notes and mortgages were executed by Bond and wife against the land described therein, and that some time thereafter the plaintiffs purchased the land, subject to, and assumed the payment of the said notes described in the mortgage. This being true, and there being no usurious interest included in the amount

of $1,823 paid by him to accelerate the maturity of the principal note, he could not defend against the notes and the foreclosure of the mortgage for the full amount upon the land upon that ground. This principle has been decided by this court in the following cases: Garland v. Union Trust Co. et al., 63 Okla. 243, 165 Pac. 197; Jones et al. v. Perkins, 43 Okla. 734, 144 Pac. 183; U. S. Bond & Mortgage Co. v. Keahey, 53 Okla. 176, 155 Pac. 557, L. R. A. 1917C, 829; Higbee v. Aetna Bldg. & Loan Ass'n, 26 Okla. 327, 109 Pac. 236, Ann. Cas. 1912B, 223; Midland Savings & Loan Co. v. Neighbor, 54 Okla. 626, 154 Pac. 506; Midland Savings & Loan Co. v. Sheil, 57 Okla. 338, 157 Pac. 80.

This is no longer an open question in this jurisdiction. Then can it be said that if, under such circumstances, the party is estopped from defending against the debt and mortgage given upon the premises to secure the same, that such party can pay off and discharge the debt, and then maintain an action to recover back from the party usurious interest when none was paid by him? We think not. To so hold would permit the party to do indirectly that which he could not do directly. Such is not the law.

This disposes of this appeal. It will not be necessary to consider the other questions appearing in the record in this case. We are of the opinion, and so hold, that the trial court erred in rendering judgment herein in favor of the plaintiffs and against the defendant; that the motion of the plaintiffs for judgment upon the pleadings should have been sustained, as held by the trial court, and that judgment should have been rendered in favor of the defendant and against the plaintiffs dismissing their suit; and that the defendant recover its costs.

We therefore reverse the judgment of the trial court wherein judgment was rendered in favor of the plaintiffs for $202 costs and $10 attorney's fee, and remand the case, with direction to proceed with the case in accordance with this opinion.