GRAVES FARM LOAN INV. CO. v. DECK et al.

No. 16646—Opinion Filed April 6, 1926.

Rehearing Denied May 11, 1926.

1. **Mortgages—Right of Vendee to Question Validity Where Deed of Indian Grantor Warrants Against All Incumbrances.**

Where H., a full-blood Choctaw Indian, conveys inherited lands by deed not approved as required by Act of Congress, May 27, 1908, to N., who mortgages same to G., and N. thereafter conveys to P., subject to the mortgage of G., and subsequently H. brings suit to cancel deed to N. and to remove cloud from title, and the suit is settled, and H. conveys by warranty deed, duly approved by the county court, to P. and D. warranting title against all incumbrances, making no exception for the mortgage by N., P. and D. take title clear of all incumbrances.

2. **Indians — Conveyances by Full-Blood Heirs—Approval by County Court—Necessity.**

After the Act of May 27, 1908, took effect, the Secretary of the Interior only had authority to remove the restriction against alienation from the allotment of restricted allottees, and could not relieve a full-blood Indian heir of the necessity of having a deed conveying inherited lands approved by the county court having jurisdiction of the estate of the decedent, as required by the Act of May 27, 1908.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McCurtain County; G. M. Barrett, Judge.

Action by M. D. Deck et al. against the Graves Farm Loan Investment Company. Judgment for plaintiffs and defendant brings error. Affirmed.

T. G. Carr and Dickson & Carter, for plaintiff in error.

J. Will Jones and Etheredge & Jones, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of McCurtain county by the defendant in error, M. D. Deck, as plaintiff, against the plaintiff in error, the Graves Farm Loan Investment Company, as defendant, for the purpose of canceling a certain real estate mortgage on certain lands belonging to the plaintiff, Deck, and the other defendants in error, J. W. Page and Lettie E. Page, who by order of the court were made parties plaintiff. J. M. Neeley and Docia Neeley were made parties defendants, but no summons was ever served and no appearance was made for them. B. T. Marlow filed a plea of intervention, and afterwards by permission of the court withdrew same. The issues were joined between the plaintiffs Deck, J. W. Page, and Lettie E. Page, and the defendant, Graves Farm Loan Investment Company, and upon the trial of the case to the court, judgment was rendered in favor of the plaintiffs and against the defendant, wherein the plaintiffs were found to be the legal owners of said land, and that the mortgage held by the defendant, loan company, was found to be void and the same canceled, from which judgment of the court this appeal is prosecuted by the Graves Farm Loan Investment Company.

The facts, as disclosed by the record, show that the land in controversy was the allotment of Jefferson Hicks, a full-blood Choctaw Indian, who died intestate in McCurtain county, Okla., subsequent to statehood, leaving as his only heir his brother, Holton Hicks, also a full-blood Choctaw Indian. Subsequent to the death of the allottee, the heir, Holton Hicks, procured a loan of $1,000 from R. E. Holmes & Sons, and mortgaged this land, the allotment of Jefferson Hicks, deceased, to secure the payment of said loan, and this mortgage was approved by the county court of McCurtain county. Thereafter the Secretary of the Interior issued an order on the application of said Holton Hicks, whereby the restrictions from alienating his lands were removed, and subsequently, the said Holton Hicks conveyed the land here in controversy to J. M. Neeley for a consideration of $2,500. The said

J. M. Neeley procured a loan from the appellant, the Graves Farm Loan Investment Company, which was applied on the consideration paid to the said Holton Hicks, a portion of which was applied in taking up the Holmes mortgage of $1,000, and the mortgage securing same was duly released. Soon after this transaction the said J. M. Neeley sold the land in question to J. W. Page, one of the defendants in error, for a consideration of $2,500. The mortgage of the defendant given by the said Neeley for the sum of $1,800 was assumed as a part of the consideration by the said Page, and the remainder of the consideration, to wit, $700, was paid by Page to Neeley. Thereafter Page sold 80 acres of the tract of land, which consisted of 160 acres, to one Dilbeck, who in turn sold to B. T. Marlow. In 1920 Holton Hicks filed a suit in the district court of McCurtain county against the said J. W. Page and Dilbeck for the possession of the lands here in controversy. Appellant here, the Graves Farm Loan Investment Company, was not made a party to that suit. M. D. Deck, one of the appellees here, was the attorney representing Holton Hicks in said suit. A settlement was reached between the said J. W. Page and Marlow and Holton Hicks. It does not appear whether Marlow was a party to the suit or not, but it seems that he was claiming to be the owner of the interest conveyed by Page to Dilbeck at the time the settlement was made, whereby it was agreed that for and in consideration of $600, $300 to be paid by Page, and $300 by Marlow to the said Holton Hicks, Hicks would execute to each of the said parties a new deed for their respective 80-acre tracts; the deed to be approved by the county court of McCurtain county. The deeds were duly executed and approved and the suit dismissed. Under the terms of the contract of employment between the attorney, Deck, one of the appellees here, and Holton Hicks, Deck was to receive as his fee 50 per cent. of the amount recovered. Following the execution and approval of the deeds, two drafts were drawn for $300 each, and one of the drafts was attached to the deed executed in favor of Page and one attached to the deed executed in favor of Marlow, and forwarded to a bank in Valliant, McCurtain county, Okla., with instructions to the bank to deliver said deeds on payment of drafts attached. The appellee, Page, took up the draft of $300, drawn upon him, and received the deed. Marlow, for some reason, failed and neglected to take up or pay the draft attached to his deed, which was drawn on the 7th day of September, 1920, and thereafter,

on February 15, 1921, the deed and draft having been returned, plaintiff, Deck, attorney for Hicks, entered into negotiations with Hicks, whereby a deed for the 80 acres, which, under the terms of the agreement, was to be conveyed to Marlow, was conveyed by warranty deed to the appellee, Deck, by the said Hicks, for and in consideration of the fee due the said Deck by Hicks of $300, and this deed was duly approved by the county court of McCurtain county, and thereafter the appellee, Deck, instituted this suit against the Graves Farm Loan Investment Company, appellant here, for the cancellation of the mortgage given by Neeley and wife to said loan company covering the lands in controversy.

The appellant, the Graves Farm Loan Investment Company, answered and also filed a cross-petition, in which it requested that the said J. W. Page and his wife, Lettie E. Page, be made parties, and asked for foreclosure of the mortgage which covered the entire 160 acres of land conveyed to Deck and Page by Holton Hicks. A stipulation was filed by the parties, wherein it was agreed that Jefferson Hicks was a full-blood Choctaw Indian, that he died in the year of 1911, a resident of McCurtain county, Okla., and left surviving him as his only heir his brother, Holton Hicks; that in 1913, Holton Hicks and wife executed a mortgage to Holmes & Sons for $1,000; that in July, 1917, the Secretary of the Interior executed an order of removal of restrictions on the application of the said Holton Hicks; and that on August 6, 1917, Holton Hicks joined by his wife executed a deed to J. M. Neeley for a consideration of $2,500, covering the 160 aces of land involved in this action; and that on July 21, 1917, the said J. M. Neeley and wife executed and delivered to the Graves Farm Loan Investment Company the notes and mortgage here in controversy; that on December 3, 1917, J. M. Neeley and wife, for a consideration of $2,500, conveyed by warranty deed the land in controversy to J. W. Page, free of all incumbrances except the mortgage to the Graves Farm Loan Investment Company for $1,800. It was also agreed that in September, 1920, Holton Hicks and wife conveyed the north half of said land to J. W. Page, and that said deed was approved by the county court of McCurtain county; and that the mortgage given by Holton Hicks to Holmes & Sons was paid, and that no assignment of said mortgage was made to any one.

Various assignments of error are set forth, but all the errors assigned may be grouped under two propositions: First, Did

the order of the Secretary of the Interior, removing restrictions of Holton Hicks apply to his inherited lands? and, second, Was the mortgage in controversy void as against these plaintiffs? The order of the Secretary of the Interior removing the restrictions was subsequent to the taking effect of the Act of Congress of May 27, 1908, and we think unquestionably applied only to the allotment of the said Holton Hicks, and not to lands inherited by him. Under the Act of May, 1908, the only restriction retained on inherited lands was that conveyances executed by full-blood Indian heirs should be approved by the county court having jurisdiction of the estate of the decedent, and this, we think, deprives the Secretary of the Interior of any jurisdiction to deal with or remove restrictions, or approve conveyances concerning inherited lands, and gives to the county court of the county, of which the deceased was a resident at the time of his death, the exclusive jurisdiction. To hold that the Secretary of the Interior had authority to remove restrictions from inherited lands, after the taking effect of the Act of 1908, would be to give to the Secretary of the Interior the power to set aside and nullify the effect of an Act of Congress, hence, we hold that the order issued by the Secretary of the Interior had no effect on any land except the allotment of the said Holton Hicks, and the only procedure whereby the said Holton Hicks could convey good and valid title to the lands inherited from his brother, Jefferson Hicks, would be by deed approved by the county court having jurisdiction of the estate of the deceased, consequently, the deed given, and likewise the mortgage executed by the grantee, Neeley, to the appellant, loan company, was void.

The second proposition alleged is that the appellees are estopped from denying the validity of the mortgage in question, because they took title subject to the mortgagee, and in support of this position, appellant cites as authority the case of United States Bond & Mortgage Co. v. Keahey et al., 53 Okla. 176, 155 Pac. 557, wherein this court announced the following rule:

"Where one purchases land subject to a mortgage thereon, the land conveyed is effectually charged with the incumbrance to the same effect as if the purchaser had expressly assumed the payment of the debt, or had himself made a mortgage on the land to secure it; and, under such circumstances, the purchaser will not be permitted to question the validity of the mortgage on the ground that it was void as to his grantor."

The rule, as stated, might be said to apply to the facts in this case; however, we are inclined to the opinion that there is a distinction or difference between the case at bar and the case cited. The rule above quoted seems to have been based on the rule as announced in the case of Jones et al. v. Perkins, 43 Okla. 734, 144 Pac. 183, which follows the rule as stated in Jones on Mortgages, secs. 336, 744. From an examination of the case of Jones v. Perkins, supra, where in the rule is applied to a state of facts somewhat similar to the facts in the instant case, it will be seen that the deed involved in the Jones Case in the warranty clause specifically excepts the mortgage in controversy. This, we think, clearly distinguishes the authority quoted, and other authorities cited by appellant, from the case at bar. In this case the deeds under which the plaintiffs hold are general warranty deeds, wherein the title is warranted against all incumbrances, and no exception to, or mention is made of, the mortgage, which appellant now seeks to foreclose against the land conveyed by the deeds. The rule announced in the decision, and relied on by appellant, seems to be based upon the fact that the mortgaged indebtedness is excepted, and the payment of same is assumed by the grantee in the deed as a part of the consideration for the purchase price, and in such case, although the mortgage may have been void as between the original parties, the grantee in the deed is estopped from denying its validity, having received the benefits of the same by reason of assuming the payment of same as a part of the consideration for the conveyance of the land covered by the mortgage. This is a reasonable and equitable doctrine, but in this case, should we attempt to apply the same rule, the burden would rest or be shifted to the grantor in the deed, Holton Hicks, who was not a party to the mortgage, and is not bound by reason of the mortgage, but by reason of his warranty of title, wherein the title is warranted against all incumbrances, and no exceptions made so far as this mortgage is concerned, to uphold the validity of the mortgage, the result would be to bind the grantor, Hicks, on his warranty to protect the title against the mortgage incumbrance, and this would be contrary to the express declaration of his deed, and would vary the terms of the written instrument. It is unfortunate that the mortgagee cannot recover, but under the status of the record, it appears that it is cut off from any remedy, in so far as maintaining a lien on the land is concerned, to secure the payment of the indebtedness, and we find that the judgment and conclusions reached by the

trial court were correct, and therefore affirm the same.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 1361. (2) 31 C. J. p. 514 § 79.