## FIRST NATIONAL BANK IN PAW-HUSKA v. QUINTON.

No. 27691. May 17, 1938.

Rehearing Denied June 21, 1938.

Application for Leave to File Second Petition for Rehearing Denied June 28, 1938.

Wm. S. Hamilton and Robert Stuart, for plaintiff in error.

Jno. M. Goldesberry and Gerald B. Klein, for defendant in error.

PER CURIAM. This is an action involving a mortgage executed to the plaintiff by J. E. Parker under date of August 29, 1931, on premises a part of which is that occupied and claimed by the defendant, Ethel Parker Quinton, as her homestead and described as lots 3, 4, and 5 in block 24 of Palmer Highland addition, city of Pawhuska, Osage county. Okla.

The first petition filed alleges that on October 2, 1930, J. E. Parker, being a single man, executed a mortgage to secure the payment of a past-due indebtedness of $5 000; that the mortgage was filed and recorded in Book 28, page 763, of Mortgages; that thereafter, on August 29, 1931. J. E. Parker paid a portion of the indebtedness and executed and delivered to the plaintiff the mortgage in question. This mortgage was made for the sum of $4,000. the remaining balance due on the $5,000 mortgage. It is alleged to the extent of $2,700 this second mortgage was a renewal of the first $5,000 mortgage.

It is then alleged that at the time of the execution of the $4.000 mortgage there was a current rumor that J. E. Parker and Ethel Parker Quinton were married; that plaintiff ascertained that by a divorce proceeding styled D-4318 in Osage county they had become divorced, and that J. E. Parker was a single man; that thereafter. on December 5. 1932, in a proceeding in partition an interlocutory decree was entered declaring this $4,000 mortgage was a first and prior lien on one-half interest in the premises involved, together with other premises; that this decree established a judgment against the said Parker for $3.385.28, with $100 attorney fees; that plaintiff purchased a judgment in cause No. 13166 in the same county in the principal sum of $500 with costs and interest, which was declared a lien on the interest of J. E. Parker; that J. E. Parker died. and after revivor the interest of the said J. E. Parker and his heirs was foreclosed by a sale under said judgment on February 23, 1936, and confirmed on March 2, 1936; that Ethel Parker Quinton intervened and moved to set aside said sale on September 18. 1936, on the ground that the cause of action had not been revived in time.

That in probate proceeding No. 3917, Grace Maggi claimed to be a daughter and only heir of J. E. Parker. but that Ethel Parker Quinton claimed that after the divorce on July 27, 1931. Parker and the said Ethel Parker Quinton entered into a common-law marriage; that thereafter a contract of settlement was entered into and approved by the county court on April 18, 1935, and a decree of distribution entered.

Plaintiff attaches a copy of the decree in the probate proceedings and a contract included therein dated March 7, 1935.

Plaintiff then alleges in substance that Ethel Parker Quinton is estopped to assert a homestead interest in the premises by misleading the plaintiff by a divorce proceeding on July 27, 1931, and by a contract with Grace Maggi in cause No. 2917 in the county court. Plaintiff further alleges a mortgage to the extent of $2,700 on said premises, and prays for $3,280.70, with interest at 10 per cent. per annum from date of filing of the petition and attorney fees.

In an amended petition plaintiff makes the original petition a part of the amended petition and sets out paragraphs 18 and 19 of the original petition, in which it is, in substance, alleged that by the contract of March 7, 1935, approved by the decree of April 18, 1935, as above stated, the defendant assumed and agreed to pay the judgment indebtedness declared to be a mortgage lien, and in paragraph 19 therein alleged:

"Plaintiff further says that it is entitled to maintain and prosecute this suit against the said defendant on said judgment decreeing the indebtedness hereinbefore set forth a mortgage lien on said real estate, for the reason that the said defendant, as hereinbefore set forth, did on March 7, 1935, in the contract set up and described herein, and which constitutes a part of Exhibit 'B' attached to the original petition, acknowledge in writing the said judgment indebtedness, and did promise to pay the same, thereby annulling and revoking, as far as the defendant herein is concerned, any benefit which might have accrued to her on account of the fact that said judgment indebtedness had not been revived in proper time, same had not been revived in proper time as held by this court."

The contract of April 18, 1935, was between Grace Maggi and Ethel Parker Quinton, the third paragraph thereof is as follows:

"In consideration of the other portions of this agreement the second party agrees to assume and pay all the mortgage and tax indebtedness against the real estate belonging to the estate of said decedent, it being understood and agreed that neither the first party nor the estate of said decedent shall be liable for the mortgage and taxes against said real estate. It is the information of the parties hereto that there is a mortgage against said real estate in favor of the American National Bank of Pawhuska, Okla., in the principal amount of $3,500, which has been reduced to judgment, and that there are some back taxes against said real estate, and costs and expenses in connection with the foreclosure action, and that neither the estate of the deceased nor the first party to this contract shall be liable for any o° such indebtedness, it being understood that no

claim had been filed against the estate on such indebtedness."

The decree found as follows:

"It is further ordered that the mortgage indebtedness of the American National Bank of Pawhuska, Okla., against the real estate belonging to said decedent, was never filed as a claim against said estate and is not a claim against said estate."

A demurrer was sustained to this amended petition and the cause of the plaintiff dismissed, from which order the plaintiff appeals. The parties will be referred to as plaintiff and defendant.

The demurrer first alleged that the petition did not state facts sufficient to constitute a cause of action. It also alleged specifically that in cause No. 14573 the plaintiff adjudicated its rights as to the premises involved, and that J. E. Parker having died, no revivor was had, and that the petition of the plaintiff showed on its face no revivor was had, and that the court in said cause on September 18, 1936, vacated and set aside the sale; that the petition shows on its face that under the exhibits the plaintiff has no cause of action; that the cause of action has been abated by the death of J. E. Parker, and that the cause of action is barred by the statute of limitations.

We are of the opinion, and hold, that the petition stated a cause of action. The petition substantially alleges that J. E. Parker or James E. Parker executed a mortgage on the premises involved on October 2, 1930, while a single man; that on August 29, 1931, he renewed that mortgage, which was reduced to judgment, and that on March 7, 1935, defendant acquired the premises in question by a contract with Grace Maggi, and in said contract assumed and agreed to pay this mortgage indebtedness. In our opinion it is immaterial what happened in cause No. 14573, in so far as this agreement is concerned, and the argument that the matter was res adjudicata was not in point. When the defendant entered into the agreement on March 7, 1935, and by said agreement acquired the premises and assumed and agreed to pay the mortgage indebtedness of the First National Bank, the plaintiff was entitled to prove that she accepted such premises subject to such mortgage lien. Jones v. Perkins. 43 Okla. 734, 144 P. 183; U. S. Bond & Mortgage Co. v. Keahey, 53 Okla. 176, 155 P. 557; Midland Savings & Loan Co. v. Sheil, 57 Okla. 338, 157 P. 80. In the latter case it is stated:

"Having assumed said obligation and having agreed to pay the same as a part of the consideration for the property, he is not·in a

position to deny the obligation or to repudiate its payment."

The agreement may be contained in a deed or it may be in a separate instrument. Midland Savings & Loan Co. v. Neighbor, 54 Okla. 626, 154 P. 506; 41 C. J. 922, section 768, Mortgages. The rule is that if the contract contains a promise or a covenant in favor of a third party, expressly for the benefit of the third party, then the third party could sue. This is the provision in effect not only of several statutes of other states, but also our own statute. Section 9409, O. S. 1931. In this connection, see, Fry v. Ausman (S. D.) 135 N. W. 708, 39 L. R. A. (N. S. ) 150, and note page 151. Two rules grew out of this doctrine that a contract made for the benefit of a third person could be enforced by the mortgagee. The first is that the agreement to pay arises through subrogation and is in the nature of indemnity. Therefore, if the mortgagor is not bound, the grantee is not bound. This is called the New York rule. See King v. Whitely, 10 Paige, 465, and Voorman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195. The other doctrine is that the grantee is liable where the grantor is not liable. McKay v. Ward, 20 Utah, 149, 57 P. 1024. Pomeroy states that this doctrine is based upon the theory that where a contract is made for the benefit of one not a party thereto, he may treat the promise as though made to himself and may sue in his own name thereon. Pomeroy (2d Ed.) sec. 1207. Fry v. Ausman, supra. A third rule based upon the assumption of a mortgage by a purchaser is expressed in our own state in Midland Savings & Loan Co. v. Sheil, supra, wherein this court said:

"For having assumed said obligation and having agreed to pay the same as a part of the consideration for the property, he is not in a position to deny the obligation or to repudiate its payment. See Midland Savings & Loan Co. v. Neighbor et al., 54 Okla. 626, 154 P. 506."

Whether it be assumed, therefore, that this is a contract made for the express benefit of a third party, or whether it be assumed that it is a contract of purchase under the above authorities in which the purchaser assumed and agreed to pay the mortgage indebtedness, the petition stated a cause of action. The final judgment of the court as to the liability of the defendant, of course, depends upon the nature of the testimony presented to the trial court. It is a well-known rule of law that if the petition states a cause of action upon any ground, it is error for the court to sustain a demurrer thereto.

The cause is reversed and remanded, with directions to vacate the judgment and order sustaining a demurrer to the petition and dismissing the cause of action and to proceed in accordance with the views herein expressed.

BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and RILEY and DAVISON, JJ., absent.